## MILLAUDON vs. ATLANTIC INSURANCE COMPANY.

8L 557
49 661

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF NEW-ORLEANS.

Where the plaintiff took out a policy of insurance against fire, " on his goods, *stock in trade,* &c." : *Held,* that the policy covered goods in stores bought on joint account and sold for the mutual profit of the *insured* and another person, the former being also in advance on the adventure: *Held,* also, that the insured was absolute owner of one-half of the goods in the store, had an insurable interest in them as " *stock in trade,*" and also to cover his advances on the whole stock.

EASTERN DIST.
June, 1835

MILLAUDON
vs.
ATLANTIC INS. CO

This is an action on a policy of insurance against fire, subscribed by the defendants. The plaintiff alleges he took out a policy of insurance, in the office of the defendants, on the 2d of September, 1834, insuring him from loss or damage by fire, "on goods, being stock in trade, on consignment, or held in trust," contained in five tenements or stores, on the corner of Commerce and Julia streets. That said stores and goods therein were destroyed by fire on the night of the 25th of October following, during the continuance of the policy, in consequence of which he sustained a loss of ten thousand dollars, in the destruction of the goods insured, for which the defendants are liable, according to an annexed account.

The defendants excepted to the action, on the ground that the matter in dispute was not submitted to arbitrators, according to the terms of the policy, and denied that they ever refused such submission, but that they are and were ready to do so.

In their answer, the defendants deny that the plaintiff sustained any loss or damage covered by said policy; that the goods alleged to have been in store and destroyed, were not in fact *in said stores* at the time of the fire, nor owned by him, held on consignment or in trust; and if they were, which is denied, the said policy does not cover them, because of the non-compliance with the first article of the conditions of insurance.

Upon these pleadings the parties went to trial. Such facts as are deemed material to a clear understanding of the points of law discussed, are extracted from the case below.

The policy upon which suit is brought, stipulates as follows:

"That Laurent Millaudon has paid the sum of fifty dollars to the Atlantic Marine and Fire Insurance Company, for insurance against fire, (according to the tenor of the conditions annexed) not exceeding in each case the sums hereinafter recited, upon the property herein described in the places herein set forth, and not elsewhere, &c., *on goods, being stock*

*in trade*, or on consignment, or held in trust, contained in five tenements, situated at the corner of Commerce and Julia streets, in New-Orleans, No. —, twenty thousand dollars."

## "CONDITIONS."

" *Article* 1.  Persons applying for insurance on buildings, are to deliver into the office the following particulars, viz : of what materials the walls and roof of each building are constructed, as well as the construction of buildings contiguous thereto ; whether the same are occupied as private dwellings, or how otherwise ; where situated, also the name or names of the present occupiers.  A separate sum must be insured on each building, and if there should be any other building or dependency on the lot than those described, then such building or dependency is not covered by this policy, even though the same be connected with the building described.

In the insurance of goods, wares or merchandise, distinct sums should be specified under the following heads : stock in trade and utensils, household goods and linen, &c. ; also, whether such goods are of the kinds denominated *hazardous*, and whether any manufactory is carried on in the premises, and if any person or persons shall insure his or their buildings or goods, and shall cause the same to be described in the policy otherwise than as they really are, so as the same be charged at a lower premium, such insurance shall be of no force.  Pitch, tar, turpentine, saltpetre, gunpowder, flax, hemp, oil and tallow, are denominated *hazardous*.

" *Article* 2.  Goods held in trust, or on commission, are to be insured as such, otherwise the policy will not cover such property."

The evidence showed that the goods in question were purchased by William T. Thompson & Co. (Thompson & Millaudon,) and the money furnished by Millaudon to pay off the notes.  The notes were drawn by Thompson to the order of Millaudon and by him endorsed and paid, and the

EASTERN DIST.
June, 1835.

MILLAUDON
vs.
ATLANTIC INS. CO

amount passed to Millaudon's credit. It was stated in the books of Thompson, "*Adventure in co. with Laurent Millaudon.*" That the prices charged in the account annexed to the petition, were the current price for which the merchandise destroyed, sold at the time. This account was proved by witnesses. The amount due for loss claimed is nine thousand three hundred and ninety-four dollars seventy-four cents. The same amount being also claimed from the Mississippi Insurance Company, where an insurance on the same goods was also effected.

The cause was submitted to a jury, under a charge from the judge presiding, which was excepted to by the defendants. The jury returned a verdict for the plaintiff for the sum claimed. From judgment rendered thereon, the defendants appealed.

*J. Slidell,* for the plaintiff.

1. The rules regulating the contract of indemnity in fire insurance are the same as in marine insurance. *5 Johnson's Rep.,* 373. *Phillips on Insurance, page 320.* De Forrest *vs.* the Fulton Fire Insurance Co., 1 *Hall's Rep.* 84, 111, 113. The plaintiff had clearly an insurable interest to the full value of the goods under the terms of the policy, which covered goods held on trust, but if there can be any doubt on this subject, all the authorities concur in stating that every person having a lien has an insurable interest to the extent of that lien in this case. Millaudon having paid for all the goods which were placed in a warehouse belonging to himself and entirely subject to his control, is entitled to secure the full value of the goods. *Phillips on Insurance, page* 41, 43, 44, 45. 1 *Peters's Rep.* 163. 13 *Massachusetts Rep.* 65. 1 *Hall, page* 102, 126, 127.

2. The value of the goods destroyed was a question of fact which was properly referred to the jury. Their verdict is fully sustained by the evidence. This court, in conformity with its repeated decisions, will not interfere with it unless manifestly erroneous.

*Peirce* and *Sterrett,* for the defendant.

EASTERN DIST.
*June,* 1835.

MILLAUDON
*vs.*
ATLANTIC INS. CO.

1. The evidence of plaintiff proves neither the amount of the goods nor their value. The testimony of defendant disproves any presumption that might arise from the statement of the book-keeper, who testified to the account and the purchase and loss of the goods.

2. The insurance being made on the same interest as was made in the Mississippi Insurance Company, if fully indemnified by the latter, he has no recourse; however, the Mississippi Insurance Company may have.

3. By his statement he has settled for all but a little over three thousand dollars, if he has insured but his own interest in the goods, to wit: one-half of the amount he claims.

4. He insured but his own interest; this was all his stock in trade.

*Bullard, J.,* delivered the opinion of the court.

The present action is brought upon a policy subscribed by the defendants, by which they undertook to insure the plaintiff from loss by fire, on goods, being stock in trade, on consignment, or held in trust, contained in five tenements situated at the corner of Commerce and Julia streets, twenty thousand dollars, the same sum having been previously insured on the same, at the Mississippi office.

The defendants, after setting up an exception, which was overruled, and which we will notice afterwards, deny that the plaintiff has sustained any loss or damage covered by the policy; and aver, that the goods stated by him to have been in the stores, at the time of the fire, were not, in fact, there; that they were neither owned by him nor held on consignment, or in trust; and that, even if they were, which is denied, the said policy does not cover them for non-compliance with the first article of the insurance.

It is shown, that the goods alleged to have been destroyed by fire, were purchased on the joint account of the plaintiff and William T. Thompson, to be sold by Thompson, with the consent of Millaudon, who were to participate in the profits of the adventure; and that Millaudon was largely in

*Where the plaintiff took out a policy of insurance against fire "on his goods, stock in trade, &c.:" Held, that the policy covered goods in stores, bought on joint account, and sold for the mutual profit of the insured and ano-*

advance to the concern, by money paid on account of the purchases. One-half of the goods must, therefore, be considered as the absolute property of the plaintiff, and he had an interest in the whole, to cover his advances. It is sufficient, in our opinion, if the plaintiff shows such an interest as will come under the description of either stock in trade, or goods on consignment, or goods held in trust, according to the terms of the policy. In this case, we are of opinion, that Millaudon had an insurable interest in the goods, as stock in trade. His direct interest, as part owner, extended to every part and parcel of the goods in the store; and that the assured is entitled to recover the full value of the goods in the store, consumed by fire. 1 *Hall's Reports,* 110. 1 *Phillips on Insurance*, 41 *et seq.*

The amount of the property destroyed, is, perhaps a matter of more doubt; but that question was left to a jury, whose finding we do not feel at liberty to dispute, unless manifestly wrong. Although the evidence in the record does not make it very clear, yet the verdict was satisfactory to the judge before whom the trial was had, and who refused a new trial, and its correctness depending on the credit to be given to particular witnesses, it must be respected by this court.

With respect to the exception first set up by the defendant, that, according to the ninth condition of insurance, the plaintiff was bound, before instituting suit, to tender an arbitration, we are of opinion, that when the claim was made by the plaintiff for the loss, if the defendants had offered to refer the question to arbitrators, the plaintiff would have been bound to accept it. But, on the refusal of the defendants to pay, without seeking to avail themselves of the right given by that article, the plaintiff might well commence suit without any previous offer to arbitrate, as the defendant must be considered as having waived it.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed, with costs.