No. 12,351.

LEWIS BAILLIE & CO., LIMITED, IN LIQUIDATION, VS. WESTERN ASSURANCE COMPANY OF TORONTO.

The plaintiff sued for amount due on property destroyed by fire.

*Appraisement Waived.*—Having in the answer denied all liability, the defendant was without right to sustain the plea of want of appraisement as a condition precedent to filing suit, although the policy contained a stipulation relating to appraisement.

*The Defendant's Denial of Liability was in Effect a Waiver.*—If the defendant was not liable there was nothing to appraise. Moreover, there was no such demand made to at once proceed with an appraisement as the law contemplates should be made by one claiming an appraisement under the terms of a policy.

Baillie & Co. vs. Assurance Co.

*Proof of Loss.*—Acts do not give rise to a presumption of fraud if they could be accounted for on the basis of good faith and honesty,

*Liquidators for Plaintiff.*—The right of parties to represent a corporation not contested in the court of first intance can not be examined on appeal.

*Evidence of Value.*—From necessity the opinion of ordinary witnesses acquainted with the value of property is admitted, although they are not experts in mat ters of value.

APPEAL from the First Judicial District Court for the Parish of Caddo. *Land, J.*

*Bell & Randolph, Wise & Herndon* and *Alexander & Blanchard* for Plaintiffs, Appellees.

*William Thompson* for Defendant, Appellant.

Argued and submitted January 20, 1897.
Opinion handed down February 1, 1897.
Rehearing refused April 12, 1897.

The opinion of the court was delivered by

BREAUX, J. The defendant insured fixtures of the plaintiff, of a drug store, occupied by the latter.

The amount of the policy was twenty-five hundred dollars, less the three-fourth value clause.

The premises were destroyed by fire.

Plaintiff brought this suit for the amount of the policy.

The plaintiff alleged that the required notice was given and proof of loss prepared and forwarded to the defendant within sixty days from the date of the fire, and that more than sixty days had elapsed since the proof of loss had been delivered.

Further, the plaintiff alleged that it has complied with all obligations imposed by the contract and policy of insurance.

The defendant relies upon two grounds.   The first is:

That no appraisement had been made in the manner specified in the policy.

The second is:

Incorrect and untrue statement of the assured.

It is also alleged in the answer that the loss did not amount to or exceed two thousand dollars.   The fact is, that appraisers, in case of differences, were to determine the amount of loss by fire.

The policy stipulates:   The loss shall not " become payable until sixty days after the notice, ascertainment, estimate and satisfactory proof of loss herein required have been received by this company, including an award by appraisers, when appraisal has been required, and that no suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after a full compliance by the insured with all the foregoing requirements."

As bearing upon the necessity of appointing appraisers as a condition precedent to the suit, we note the fact that the adjuster on the ground, offered nineteen hundred dollars, and some time after, again when present at Shreveport, he offered two thousand dollars, which the plaintiff declined to accept.   The defendant, by the appraiser, made the offer without admitting that it was indebted for that much.

The plaintiff in due time forwarded the proof of loss.

The defendant acknowledged the receipt only a few days before the sixty days had elapsed from the date it had been received, and in its answer it objected to the proof of loss as incorrect and unsatisfactory; it required a schedule of articles covered by the policy.   The defendant further demanded full compliance with the contract and exacted an appraisement.   The letter expressly reserved, in conclusion, " all the rights under our policy and without waiver or admission of any description."

The schedule was forwarded in compliance with defendant's demand.   The defendant in its pleadings does not admit the validity of the policy or its liability in any amount.   In other words the issue was not limited to a question of amount of defendant's indebtedness.

On the contrary, in its answer the defendant denies all and singular the allegations contained in plaintiff's petition.

The facts as relate to the alleged untruthful statement are in the schedule furnished by the plaintiff to the defendant.   There were included "one cash register, one hundred and twenty-five dollars; three trunks, forty-eight dollars, and five show-cases, estimated at two hundred dollars."

We are informed that the fire destroyed all the books of the assured, save the cash book and ledger of date subsequent to July, 1893.

In making the inventory of goods purchased originally, the *data*

were, it appears, not entirely exact, owing to the loss of plaintiff's books. The facts needful in the premises, as we are led to infer, were all submitted to the adjuster before the plaintiff furnished its proof of loss. From a judgment condemning it to pay the amount of two thousand dollars, the defendant prosecutes this appeal.

The question of appraisement as a condition precedent *vel non*, to filing a suit for recovery on the policy is the first before us for our determination. The policy issued by the defendant contains the stipulation that notice of proof shall be furnished to it, preceded by an award of appraisers, "when appraisal has been required." Some time after the loss, and after its agents were at some considerable distance from the place of loss, the insurer by letter demanded an appraisement There was no offer made by it to name one of the appraisers and to proceed to the appraisement. The clause of the policy appears to have been considered by the defendant company as a condition precedent, the performance of which was left entirely with the assured, who were to be left to themselves, without suggestion or offer of any kind from the assurer. In a similar case, upon this point, it was said: "But it can not be contended that in such a case as this an appraisal of the loss is an absolute *sine qua non* to the bringing of a suit, If it were, all that an insurance company would have to do in order to avoid payment of a loss against which it had insured its patron would be to refuse to name an appraiser, or otherwise arbitrarily prevent an appraisement." 62 Fed. Rep. 257.

A stipulation for an appraisement should have for its sole object the ascertainment of the amount of the loss. The stipulation ceases to have force where the insurer disputes to the insured the right to recover anything at all under the policy. We think the conclusion reasonable: in the presence of an absolute refusal to pay anything, the assured should have the right to file a suit and maintain an action for the loss. That a denial of all accountability leaves nothing to arbitrate. On the refusal of the defendant to pay, and in the presence of defendant's neglect actively to avail itself of the stipulation in regard to the appraisal, the plaintiff might well infer that nothing was left for him to do save to sue, and have any right he had passed upon by the courts. Millaudon vs. Insurance Co., 8 La. 557, 562. See also upon this point, Hamilton vs. Liverpool and London and Globe Insurance Company, 136 U. S. 242; Hamilton vs. Home Insurance Company, 137 U. S. 370; Wood on Insurance, 2d Vol. 1013; Beach on Insurance, 1st Vol., Sec. 200; 2d Vol. 1247.

The defendant insisted that an untrue proof of loss had been furnished and that the untruthful statement had the effect of invalidating the policy.

The proposition that wilful swearing, with the view of deceiving the assurer, will defeat the right of recovery, does not admit of any question. It must be made evident, however, that the alleged false swearing was intentionally committed.

The burden of proving the truth of the allegations of fraud rests on the defendant. Fraud is never to be presumed from acts which may be accounted for on the basis of honesty and good faith. To avoid the policy it must appear that the intention was to defraud.

National Bank vs. Insurance Company, 95 U. S. 673; May on Insurance, Secs. 443, 447; Wood on Insurance, Secs. 451, 455; Balestracci vs. Ins. Co., 34 An. 344; Daul vs. Ins. Co., 35 An. 98; 2 Beach, Sec. 808.

With reference to the cash register, one of the articles not destroyed, the book-keeper testified that it was not in the building, and it was not destroyed by fire as it was being repaired at some distance from the store; it was brought back some time after the fire, which accounted for the oversight in his charging it on the schedule of articles of property destroyed by fire. As to the show-cases and two empty trunks we agree with the District Judge that the omission may have been the result of inadvertence, and is not gross enough to justify a presumption of fraud. After having considered all the evidence upon this point we have not found that there was wilful intention to gain an advantage by false swearing.

The defendant in the brief complains of the judgment, because no proof was made, it is insisted, of any right in W. A. Baillie to bring suit, either as liquidator or assignee, the policy having been issued to Lewis Baillie & Co.

The facts are that the suit was brought by Baillie, Ledbetter & McCraney, who alleged that they had been appointed and had qualified as liquidators of Lewis Baillie & Co., Limited, a corporation.

The pleadings did not deny that there was such a corporation. The general denial or the special demurrers did not put at issue the capacity of the liquidators. The right of parties to represent a corporation, not contested below, can not be examined on appeal. Player vs. Tarkington, 4 An. 396.

Lastly, the objection of defendant was to the evidence of a witness,

admitted over objection, to testify as to the value of property; the objection was that his examination disclosed his unfamiliarity with values such as was involved in the case.

The witness was not examined as an expert. It has been held on authority and reason, that the opinions of ordinary witnesses acquainted with the value of property are often admitted from necessity, even though their knowledge is not the result of peculiar skill.

The judgment appealed from is affirmed.