son that it is a factor in determining the value of the land. Louisiana Highway Comm. v. Guidry, 176 La. 389, 146 So. 1.

 It would appear that if effect is given to the testimony of all of the expert witnesses called in this case, the land is of a value of less than $500 per acre. The maximum value fixed by some of the experts would not be controlling. In fact, the testimony of all of the experts should be taken into consideration in arriving at the value of the lands. An examination of the various sales of lands of a similar nature in the near vicinity shows that they were sold for an amount less than $500 per acre. While the assessed value of the property is not controlling, yet, it should be considered in connection with the other evidence in the case in arriving at the market value of the land. After a consideration of all the evidence in this case, we have arrived at the conclusion that the award of $500 per acre is excessive and should be reduced.

We appreciate the fact that the award made by a jury of freeholders in expropriation proceedings is entitled to respect and should not be reduced unless the record shows that it is erroneous. However, when the record shows as a whole that the award is excessive, it is the duty of the appellate court to reduce it consistently with the evidence. If it were held otherwise, an appeal from any award in expropriation proceedings would be of no avail.

From our appreciation of the evidence in this case, the award should be fixed at some value per acre between $200 and $600. By so doing effect will be given to the expert testimony produced by the plaintiff as well as that offered by the defendant. In arriving at the amount, consideration should be given to the price paid for the lands of a similar nature in the immediate vicinity and the assessed value. After due consideration of all these factors, we have arrived at the conclusion that the market value per acre of these lands is $400.

For the reasons assigned, the judgment of the lower court is amended so as to award the defendant $400 per acre for the lands taken. As thus amended, the judgment of the lower court is affirmed. Cost of this appeal is to be paid by appellees.

14 So.2d 814

**CITY OF NEW ORLEANS v. Mrs. Catherine HEFFLE, wife of Antoine Edward Wattigny, et al.**

No. 36673.

June 21, 1943.

Francis P. Burns and Leo L. Dubourg, both of New Orleans, for appellant.

John F. Stafford, Joseph H. Duval, and James H. Drury, all of New Orleans, for appellees.

PONDER, Justice.

For the reasons assigned in the case of City of New Orleans v. Larroux et al., consolidated with three other cases, 14 So.2d 812,[1] this day handed down; it is ordered that the judgment of the lower court is amended so as to award the defendant $400 per acre for the lands taken. As thus amended, the judgment of the lower court is affirmed. Cost of this appeal is to be paid by appellees.

14 So.2d 814

## CITY OF NEW ORLEANS v. Frank CASS et al.

### No. 36676.

June 21, 1943.

Francis P. Burns and Leo L. Dubourg, both of New Orleans, for appellants.

Salvador T. Cristina, of New Orleans, Frank H. Langridge, of Gretna, and James E. Courtin, of New Orleans, for appellees.

PONDER, Justice.

For the reasons assigned in the case of City of New Orleans v. Larroux et al., consolidated with three other cases, 14 So. 2d 812,[1] this day handed down; it is ordered that the judgment of the lower court

is amended so as to award the defendant $400 per acre for the lands taken. As thus amended, the judgment of the lower court is affirmed. Cost of this appeal is to be paid by appellees.

14 So.2d 814

## CITY OF NEW ORLEANS v. Pietro and Joseph CEREVALLO et al.

### No. 36675.

June 21, 1943.

Francis P. Burns and Leo L. Dubourg, both of New Orleans, for plaintiff and appellant.

Salvador T. Cristina and James E. Courtin, both of New Orleans, for defendants and appellants.

PONDER, Justice:

For the reasons assigned in the case of City of New Orleans v. Larroux et al., consolidated with three other cases, 14 So.2d 812,[1] this day handed down; it is ordered that the judgment of the lower court is amended so as to award the defendant $400 per acre for the lands taken. As thus amended, the judgment of the lower court is affirmed. Cost of this appeal is to be paid by appellees.

---

[1] 203 La. 990.