The City of New Orleans brought this suit against Mrs. Gertrude Brooks Larroux and others for the purpose of acquiring by expropriation 5.490 acres of land located in Jefferson Parish to be used as part of the Moisant Airport near Kenner, Louisiana. The City of New Orleans brought three other suits to expropriate lands for the same purpose; viz, City of New Orleans v. Mrs. Catherine Heffle, wife of Antoine Edward Wattigny et al.; City of New Orleans v. Frank Cass et al.; and City of New Orleans v. Pietro and Joseph Cerevallo et al. *Page 992 
By agreement of counsel and with the consent of the court, the four cases were consolidated for the purpose of trial with the understanding that separate judgments were to be rendered in each case. It was agreed that the testimony taken in the instant case, the one selected for trial, would apply to all four cases and that whatever figure or amount was awarded by the jury on a price per acre basis would apply to all the other cases. Upon trial, a jury of freeholders awarded the defendant $500 per acre for the lands taken. The lower court gave judgment for an amount equal to that fixed by the jury of freeholders. The plaintiff has appealed.
The sole and only question presented on this appeal is whether or not the award of $500 per acre of land is excessive.
The expert witnesses called by the plaintiff were of the opinion that the lands taken were worth $175 to $200 per acre. The values fixed by the defendant's expert witnesses ranged from $450 to $600 per acre. It is readily seen that the experts are wide apart in their views as to the value of the lands.
The record shows that the City of New Orleans purchased the greater part of the area required for the Moisant Airport, more than six hundred acres of land, from the Liberty Homestead In Liquidation on October 30, 1941, at a price of approximately $50 per acre. This property lies in the rear of the defendant's land and is contiguous to it.
Before these proceedings were filed, the plaintiff expropriated a tract of land belonging to August Cristina and Brothers, *Page 993 
Inc., for an amount fixed by judgment of court at $2,977.23. There is some dispute as to the acreage acquired under this judgment because of its being a subdivision and as to whether the streets, previously dedicated, were included in fixing the value. The streets embrace 5.987 acres. The area of the squares contained 10.91 acres. The total area is 16.88 acres. If the value was fixed on the basis of the total area, it would amount to approximately $175 per acre. If it was fixed on the area of the squares alone, it would amount to approximately $272 per acre. This property was used in connection with the airport.
On October 28, 1941, John L. Tregle et al. purchased from Marx N. Block et al. thirty-two arpent lots at an average price of approximately $445 per arpent lot. This property lies only 110 feet from the highway and is nearer the central part of the Town of Kenner.
The Eddy property, adjacent to the Airline Highway and four miles nearer the City of New Orleans, was acquired for approximately $268 per acre.
In 1935, Edward J. Morris, Jr., acquired four acres, more or less, from Antoine Edward Wattigny for the price of $1,900. This property is adjacent to the Airline Highway. One of the defendant's experts testified that this property has a greater value than the property involved herein.
On July 3, 1941, the Phoenix Building and Homestead Association sold to the Federal Building, Inc., a large tract of land *Page 994 
in the vicinity of Kenner, La., for an average price of approximately $100 per acre.
Forrest C. Pendleton sold to the United Gas Line Company on January 9, 1942, a tract of land measuring 258.58 feet on the Airline Highway and on the right of way of the Louisiana and Arkansas Railroad and 619.45 feet on Gordon and Alliance Streets, being a part of the Hanson Place Subdivision, for a price of $3,750. The price paid for this property is no criterion of the value of the defendant's lands because of its ideal location.
On October 1, 1929, Anthony Costa sold to the Highway Commission a tract of land in the vicinity measuring one arpent in width by twelve arpents in depth for $6,000 on an average of $500 per arpent. The Highway Commission acquired the property to excavate dirt therefrom to build the highway fill. This property now has a large borrow pit on it. The Highway Commission sold it to the present plaintiff, to be used in connection with the airport, for an average price of $175 per acre. It would be no criterion in its present state of the value of the defendant's property.
The plaintiff offered in evidence the value placed on the property by the assessor of the parish on his assessment rolls, namely $800 for the 5.490 acres involved herein. The lower court would not admit this evidence, but it is in the record in connection with the plaintiff's exception to the court's ruling with respect thereto. This evidence, although not controlling, should be considered for the reason *Page 995 
that it is a factor in determining the value of the land. Louisiana Highway Comm. v. Guidry, 176 La. 389, 146 So. 1.
It would appear that if effect is given to the testimony of all of the expert witnesses called in this case, the land is of a value of less than $500 per acre. The maximum value fixed by some of the experts would not be controlling. In fact, the testimony of all of the experts should be taken into consideration in arriving at the value of the lands. An examination of the various sales of lands of a similar nature in the near vicinity shows that they were sold for an amount less than $500 per acre. While the assessed value of the property is not controlling, yet, it should be considered in connection with the other evidence in the case in arriving at the market value of the land. After a consideration of all the evidence in this case, we have arrived at the conclusion that the award of $500 per acre is excessive and should be reduced.
We appreciate the fact that the award made by a jury of freeholders in expropriation proceedings is entitled to respect and should not be reduced unless the record shows that it is erroneous. However, when the record shows as a whole that the award is excessive, it is the duty of the appellate court to reduce it consistently with the evidence. If it were held otherwise, an appeal from any award in expropriation proceedings would be of no avail.
From our appreciation of the evidence in this case, the award should be fixed at some value per acre between *Page 996 
$200 and $600. By so doing effect will be given to the expert testimony produced by the plaintiff as well as that offered by the defendant. In arriving at the amount, consideration should be given to the price paid for the lands of a similar nature in the immediate vicinity and the assessed value. After due consideration of all these factors, we have arrived at the conclusion that the market value per acre of these lands is $400.
For the reasons assigned, the judgment of the lower court is amended so as to award the defendant $400 per acre for the lands taken. As thus amended, the judgment of the lower court is affirmed. Cost of this appeal is to be paid by appellees.