PONDER, Justice.
 

 The Louisiana Highway Commission brought proceedings to expropriate a small portion of ground situated in Sq. 642 of the 7th District of the City of New Orleans, being triangular in shape with a measurement of 68.53 feet on the west line of Pontchartrain Boulevard, 55 feet along the east line of Cambronne St. and 65.91 feet on the south side between Cambronne Street and Pontchartrain Boulevard. The land sought to be expropriated was required for the erection of an overpass near Tulane Ave. on the Airline Highway leading toward Baton Rouge, La.
 

 The defendant, Anthony Paciera, in his answer, denied the necessity of the taking, and, in the alternative, asked for judgment in his favor in the sum of $40,000 for the land to be taken and the resulting damages to his other property.
 

 On trial, the jury of freeholders awarded the defendant $4,342 for the land taken and $7,171 for the damages to the defendant’s other land occasioned by the taking. The trial court gave judgment in conformity with the award of the jury of freeholders. The plaintiff has appealed, and
 
 *787
 
 the defendant has answered the appeal, asking for the judgment to be amended so as to award him $25,000.
 

 The small triangular piece of land involved herein is situated on the corner of Pontchartrain Boulevard and Cambronne St. This parcel of land forms a part of a larger tract of land owned by the defendant. The defendant’s entire tract of land, including the small triangular piece, is in the form of a triangle, having the following dimensions: 292.75 feet fronting Pontchartrain Boulevard, 229.25 feet fronting Cambronne St. and 271.33 feet along the rear of the triangle.
 

 At the time of the taking, the improvements on the defendant’s entire tract of land consisted of two duplexes, a residence, a barn and a filling station. The defendant’s filling station fronts Pontchartrain Boulevard and is situated approximately 160 feet from the land sought to be taken.
 

 On trial of these proceedings, the defendant waived all claims for improvéments located on the property sought to be expropriated. The improvements consisted of a part of one of the duplexes. The defendant’s reason for waiving any claim that he might have for this improvement was his position that the property was more adaptible for commercial purposes. The property is classified as industrial “J” unzoned property. Consequently, the only questions presented for our determination are the value of the land sought to be taken and the resulting damages to the defendant’s other property caused by the taking.
 

 Three prominent realtors, who testified for the plaintiff, fixed the value of the land sought to be taken at prices ranging from $909.74 to $3,166. They fixed the amount of damage that would be caused to the defendant’s other property at prices ranging from $1,063 to $1,500. A fourth realtor, equally prominent, who testified on behalf of the plaintiff, fixed the amount due the plaintiff for the value of the land and the resulting damages at the lump sum of $3,350.
 

 The six witnesses who testified for the defendant were composed of two prominent realtors and four distributors for large oil companies. The two realtors fixed the value of the land at prices ranging from $10,000 to $15,000, and the resulting damages at approximately $15,000. The four oil distributors testified that the property sought to be taken was ideally located for a filling station, and for such purpose, it was worth a price ranging from $10,000 to $18,000. Their testimony is based largely on a purported rental value based on anticipated sales of oil and petroleum products. The testimony offered on behalf of the defendant is based principally on the value of the property for filling station purposes.
 

 In the case of Louisiana Highway Commission v. Israel, 205 La. 669, 17 So.2d 914, we this day handed down an opinion affirming a judgment based on the award of a jury of freeholders of $4,500 for a larger tract of land in the immediate vicinity of the land in controversy herein and the damage caused other property by the taking. While the land taken in that case was not
 
 *789
 
 a corner lot, yet, it materially shortened the depth of a corner lot. The lot so affected forms the opposite corner of Cambronne St. and Pontchartrain Boulevard.
 

 The amount due for private property expropriated for public purposes is its market value when taken and compensation for any damage that might be caused to remaining property. The market value is what a willing purchaser would pay a willing seller under ordinary and usual circumstances. There seems to be no dispute on these propositions of law. The controversy arises over the facts in the case.
 

 The rental value of property or the income derived from such property is not the measure of compensation. However, it is material in so far as it throws light upon the market value. Housing Authority of New Orleans v. Persson, 203 La. 255, 13 So.2d 853.
 

 We do not think that anticipated rental values of property or anticipated income to be derived therefrom would throw as much light on the market value as actual rental or income would.
 

 The high values placed on this property by the witnesses for the defendant are based to a large extent on the theory that the property is ideally located for filling station purposes and if used for such purposes would afford a lucrative income.
 

 The testimony of the majority of expert realtors shows the award to be excessive. There is a wide discrepancy in the values fixed by the plaintiff’s witnesses and those fixed by the defendant’s witnesses. It is apparent that the jury of freeholders gave too much effect to the testimony of the anticipated rental value and anticipated income that might be derived from the property if it were used for filling station purposes.
 

 We are not unmindful of the fact that an award made by a jury of freeholders in expropriation proceedings, is entitled to respect and should not be reduced unless the record shows that it is erroneous. It is the duty of this Court when the award is excessive to reduce it consistently with the evidence. City of New Orleans v. Larroux, 203 La. 990, 14 So.2d 812.
 

 After a careful consideration of all of the evidence in this case and our holding in the Israel case, we have arrived at the conclusion that an award of $3,500 for the property sought to be taken and $3,500 to compensate for the damage caused the defendant’s remaining property would be fair and just under the circumstances in this case.
 

 For the reasons assigned, the judgment of the lower court is amended so as to award the defendant the amount of $7,000. As thus amended, the judgment is affirmed at appellant’s cost.
 

 O’NIELL, C. J., does not take part.
 

 ODOM, J., absent.