**24 So.2d 372**

**STATE v. BARBE (two cases).**

Nos. 37781, 37782.

Dec. 10, 1945.

Rehearing Denied Jan. 7, 1946.

Moss & Graham, of Lake Charles, and Arthur B. Hammond and Joseph A. Loret, both of Baton Rouge, for plaintiff-appellant.

Kaufman & Anderson and Thomas F. Porter, all of Lake Charles, for defendant-appellee Alfred M. Barbe.

Plauche & Stockwell, of Lake Charles, for defendant-appellee Paul J. Barbe.

PONDER, Justice.

In these consolidated suits, the plaintiff, the State of Louisiana, through the Department of Highways, expropriated a right of way over 3.982 acres of land belonging to Alfred M. Barbe and over 4.016 acres of land owned by Paul J. Barbe all located in the Parish of Calcasieu for the purpose of broadening the Synthetic Rubber Plant Access Highway.

The suits were consolidated in the lower court for the purpose of trial and were heard before the same jury of freeholders, which was instructed to fix the value of the right of way on an acreage basis. The jury awarded the defendants $800 per acre for the right of way. The judgment of the lower court was to the same effect. The plaintiff has appealed.

The sole question presented on this appeal is the plaintiff's contention that the award of $800 per acre is excessive.

The plaintiff offered the testimony of an agent of the Department of Highways who appraised the right of way at $250 per acre, of two real estate men who fixed the value at $200 per acre exclusive of the timber growing thereon, and of another real estate man who set the value of the right of way with the timber thereon at $200 per acre.

Evidence was offered by the plaintiff showing that the property was carried on the assessment rolls at a value of approximately $3 per acre.

Upon cross-examination, two lay witnesses, who testified for the plaintiff on other

points in the case, stated that the right of way was worth $1,000 per acre.

Judge Alfred M. Barbe, one of the defendants and a large landowner in the Parish of Calcasieu, fixed the value of the right of way over his 3.982 acres of land at $5,000 to $6,000. Paul J. Barbe, the other defendant, assigned a similar amount for the right of way over his 4.016 acres of land.

The cashier of the Lake Charles Bank & Trust Company, who was in charge of all of its real estate transactions at the time of the trial, valued the right of way at $1,200 per acre.

The president of Erwin Heirs, Inc., a corporation owning lands in Calcasieu and other parishes, was of the opinion that the right of way was worth $1,500 per acre.

The vice president of the Union Sulphur Company, a large land owner in Calcasieu Parish, set the value of the right of way at $1,250.00 per acre.

A lease broker, who bought and sold property for other people in the parish, was of the opinion that the right of way was worth $1,200 per acre.

The jury of freeholders, after hearing the testimony and viewing the property, gave an award of $800 per acre for the right of way in each of these consolidated cases.

Counsel for the plaintiff takes the position that the principal elements to be considered in fixing the market value of real estate are the opinions of experts on real estate values, prices paid for property of a similar nature in the vicinity, and the assessed valuation. Counsel contends that the opinions of the real estate agents as to the value of the right of way should govern, and that the values placed by the defendants' witnesses are entitled to little weight for the reason that they are not real estate agents or experts as to real estate values.

For a decision in these consolidated cases, it would serve no useful purpose to discuss the prices paid for property of a similar nature in the vicinity for the reason that they throw no light on the subject. The sales of property in the vicinity range from a small amount to over $3,000 per acre.

The record discloses that the Cities Service Refining Corporation, which employed 1932 persons at the time of the trial, and the Firestone Rubber Company are located across the highway from the property herein sought to be expropriated. There are also three oil tank farms in the neighborhood. We find in the record testimony showing the land in question to be within one-eighth or one-fourth of a mile of navigable water. The record discloses that the defendants' property is the only available land in the immediate section for industrial or housing purposes. The employees of the corporations situated across the highway have to be transported to and from their work from various distances.

■ The assessed value of property may be considered as a factor in determining the true value of the right of way but it is not controlling. It is a matter of common knowledge that real property is not assessed in this State at its market value.

The real or market value and not the assessed value controls. Louisiana Highway Comm. v. Guidry, 176 La. 389, 146 So. 1; City of New Orleans v. Larroux, 203 La. 990, 14 So.2d 812.

"* * * The market value is what a willing purchaser would pay a willing seller under ordinary and usual circumstances." Louisiana Highway Comm. v. Paciera, 205 La. 784, 18 So.2d 193, 194. Also see, Louisiana Highway Comm. v. Israel, 205 La. 669, 17 So.2d 914.

In arriving at the market value of the property, it is the duty of the jury of freeholders to take into consideration all of the evidence.

"* * * It has been held, on authority and reason, that the opinions of ordinary witnesses acquainted with the value of property are often admitted from necessity, even though their knowledge is not the result of peculiar skill in any particular branch of business or department of science." Lewis Baillie & Co., Ltd. v. Western Assurance Co. of Toronto, 49 La. Ann. 658, 21 So. 736, 737.

A witness is qualified to testify as to the value of land if he lives in the neighborhood, is acquainted with the property, and has knowledge of the real estate transactions in the immediate vicinity. Louisiana Railway & Navigation Co. v. Morere, 116 La. 997, 41 So. 236.

In the case of Louisiana Railway & Navigation Co. v. Morere, supra, it was pointed out that a defendant should be permitted to testify as to the value of his own property if he had owned the land for some time, was well acquainted with it, and knew of the sales of land in the neighborhood.

A person who resides, and owns, and has bought and sold, and knows of other sales of property in the vicinity of that sought to be expropriated is not disqualified to give an opinion as to the value of the property. Louisiana Railway & Navigation Company v. Sarpy, 117 La. 156, 41 So. 477.

"In weighing the testimony of the witnesses, the members of the jury may, of course, take into consideration the reasons given by each as the basis of his opinion as to the value of the property to be taken. An opinion expressed by a witness as to the value of property should be given little effect in the absence of an explanation by him of the reasons underlying his conclusion. If a witness knows the location of the property, is familiar with its physical characteristics, its adaptability for certain purposes, and has some knowledge of values gained by experience or observation, his testimony should be given weight and should not be disregarded. * * *" Louisiana Highway Comm. v. Grey, 197 La. 942, 2 So.2d 654, 657.

A jury of freeholders who are residents of the vicinity in which the property sought to be taken is situated are presumed to have some personal knowledge of property values and are clothed to some extent with the character and authority of experts, and their verdicts are entitled to respect unless manifestly erroneous. Housing Au-

thority of New Orleans v. Weis, 195 La. 224, 196 So. 328; Ouachita Parish School Board v. Clark, 197 La. 131, 1 So.2d 54; Housing Authority of New Orleans v. Persson, 203 La. 255, 13 So.2d 853; Louisiana Highway Comm. v. Davis, 204 La. 624, 16 So.2d 129.

■ A verdict of a jury of freeholders respecting the market value of the property will not be disturbed unless it clearly appears that it is excessive or inadequate. Louisiana Highway Comm. v. Davis, supra; Housing Authority of New Orleans v. Weis, supra.

■ The property involved herein is located across the highway from two large manufacturing enterprises, a short distance from water transportation, and is the only land available in that immediate vicinity for housing, business or industrial purposes.

Taking into consideration these circumstances and giving effect to all the testimony in the case, it does not appear that the award of the jury of freeholders is excessive.

For the reasons assigned, the judgment of the lower court in Suit No. 37,781 of the docket of this Court, entitled State of Louisiana, through the Department of Highways, v. Alfred M. Barbe, is affirmed.

For the reasons assigned, the judgment of the lower court in Suit No. 37,782 of the docket of this Court, entitled State of Louisiana, through the Department of Highways, v. Paul J. Barbe, is affirmed.