Plaintiff appealed from judgment rendered pursuant to the verdict of a jury of freeholders that fixed the market value of a small area of land, owned by the defendant, right of way over which was sought by plaintiff by expropriation for highway purposes.
Defendant did not answer the petition, therefore, no special pleas or defenses were tendered. He represented himself during trial and has not provided this court with briefs. The sole question for determination is the value of the land sought to be condemned.
We are unable to decide from the record the exact value defendant places on the small parcel of land, but, apparently, he is satisfied with the value as fixed by the jury, same being Two Hundred Twenty-Five ($225) Dollars. On the other hand, appellant complains strenuously of this valuation, *Page 719 
taking the position that it is excessive and not warranted by the testimony. It contends that the value of the land should be fixed at between Twenty-Five ($25) Dollars and One Hundred ($100) Dollars.
The area of the land in controversy is .86 of an acre. It lies between two nearly parallel arcs and is adjacent to the right of way of the existent state highway route No. 489 that runs from Farmerville in Union Parish to Monroe in Ouachita Parish. The land is necessary to plaintiff's plan and purpose to widen and re-align said highway at that point. It is a part of a larger tract owned by defendant and is not improved, but, with adjacent lands, is being used for pasture purposes. It is rough, slopes from the line of the present highway, is traversed by a branch and is subject to overflow from a nearby bayou. Potentially, its value for farming purposes is meager.
Plaintiff introduced five witnesses who testified concerning the value of the .86 acre tract. Two realtors of many years' experience, who live in the City of Monroe, and who, not long prior to the trial, inspected the land, appraised it at Eighty-Six ($86) Dollars. A farmer who owns fifty acres 3 1/2 miles from the land, valued it at One Hundred ($100) Dollars. An owner of rural and city property, living in West Monroe, Louisiana, appraised it at from Twenty-Five ($25) Dollars to Thirty ($30) Dollars. An attorney of the City of Monroe, who owns lands three miles from the .86 acre tract, valued it at Fifty-Five ($55) Dollars. Defendant offered no testimonial proof touching the question of value. He did not himself testify on that issue. He did introduce in evidence some deeds wherein small tracts of improved real estate, not a great distance from the .86 acre tract, were sold, but these are not in the record. If in the record, they would have little or no weight in determining the value of the land in question.
[1, 2] The average of the values fixed by said five witnesses is Seventy-One and 40/100 ($71.40) Dollars. There certainly is no testimony whatever in the record to warrant the valuation fixed by the jury. All things considered, we are of the opinion that the valuation fixed by the two experienced realtors is fair and should be accepted as determinative of the question. Anent fixation of value of land expropriated for public purposes, Articles Nos. 2627 and 2628 of the Revised Civil Code read:
"If the owner of a thing necessary for the general use, refuses to yield it, or demands an exorbitant price, he may be divested of the property by the authority of law.
"In all cases, a fair price should be given to the owner for the thing of which he is dispossessed."
Fair value means market value.
See also: Louisville N. R. Company v. R. E. E. DeMontluzin Company, Inc., 166 La. 211, 116 So. 854; Louisiana Highway Commission v. Paciera, 205 La. 784, 18 So.2d 193; Louisiana Highway Commission v. Israel, 205 La. 669, 17 So.2d 914; State v. Barbe, 209 La. 185, 24 So.2d 372.
[3] The reason for referring to a jury of freeholders the question of the value of real estate taken for public purposes is well known to all; and in a case where the proof submitted on the issue of value is conflicting, the jury's fixation of value should not be disturbed unless it is manifestly erroneous. But, in no event is the jury warranted in ignoring the testimony introduced in the case and substituting therefor their own private ideas or opinions on the issue of value. See State v. Barbe, supra. Evidently, that is what happened in this case. We are forced, in view of the uncontradicted testimony, to disagree with the jury's verdict and to reduce it materially.
[4] It has been frequently held by the Supreme Court and Courts of Appeal of this state, and laid down as fundamental rule of law and equity, that "courts will protect the public from extortionate demands and they also will guard the legitimate interests of property owners." And, in Louisiana Highway Commission v. Merchant, La. App., 174 So. 696, this court, as disclosed from Section 2 of the syllabus, held:
"Courts have inherent power to review jury's award of damages for property taken for public purposes, and to correct obvious errors made by jury." *Page 720 
See also: Louisiana Highway Commission v. Haney, La. App., 158 So. 243.
[5] Therefore, for the reasons herein assigned, the judgment appealed from is amended by reducing the amount thereof to Eighty-Six ($86) Dollars, and, as thus amended, the judgment is affirmed. Defendant is cast for the costs incurred in this court but all other costs are assessed against plaintiff.
KENNON J., not participating.