56 So.2d 852

### STATE v. BAYLES.

No. 38507.
Jan. 14, 1952.

Jack L. Simms, D. Ross Banister, W. Crosby Pegues, Jr., and Joseph A. Loret, all of Baton Rouge, for plaintiff-appellant.

Dhu & Lea S. Thompson, Monroe, for defendant-appellee.

MOISE, Justice.

In this expropriation proceeding the only question presented on appeal is the correctness of the award to defendant.

This suit was instituted on November 21, 1946, and tried by a jury of twelve freeholders before the enactment of Act No. 325 of 1948, LSA–R.S. 19:4, which abolished juries in expropriation cases. They returned a verdict as follows: "We, the Jury, find that the plaintiff is entitled to expropriate the land described in the petition, and we, the Jury, find the actual or true value of said land to be $1,000.00 and the damages which the defendant is entitled to recover to be $600.00." Plaintiff has appealed, asking that the judgment be reduced to $318.66 (of which $32.70 represents the value of the land); and defendant has answered the appeal, asking that the judgment be amended and increased to $2,000.

Defendant's property is situated just south of the city of Monroe, on the eastern side of White's Ferry Road, which is a part of State Route No. 489. It contains 6.12 acres, and measured (prior to this expropriation) 514.4 feet front on the highway, 283.3 feet in the rear, by 728 feet in depth on the northern or upper boundary, and 1157.8 feet on the southern or lower boundary. His residence, located at the northern end of the tract, was set back 90 feet from the right of way; it is a one-storey wooden frame house, with living room, dining room, kitchen, two bedrooms, bath, front and back porches. There is no fence between it and the road. On the southern end of the tract is a small rent house.

The land expropriated consists of a narrow strip along the highway, measuring ten feet (10') in width, beginning at the northern boundary line and extending thence southward for a distance of approximately 370 feet to a point and there widening gradually to approximately twenty-one feet (21') at the southern boundary line. The total area thus expropriated was 14/100ths of an acre, and was taken from the level, more desirable part of defendant's land. The expropriation reduced the distance of

the main residence to the right of way from 90 feet to 80 feet, and destroyed certain shade trees, shrubbery and flowers, which the Department valued at $285.96 and defendant valued at $3,584.90.

In the course of the trial the jury, the judge, and the attorneys proceeded to the scene of defendant's property, where they had the benefit of explanations made by the Highway Department engineer as to distances, locations and requirements; and the jury, after looking over the defendant's place, including his buildings, residence and location thereof, and also his yard, play grounds (defendant has six children, whose ages ranged from three to seventeen at the time of the trial), flower garden and improvements, made their findings aforesaid.

"A jury of freeholders who are residents of the vicinity in which the property sought to be taken is situated are presumed to have some personal knowledge of property values and are clothed to some extent with the character and authority of experts, and their verdicts are entitled to respect unless manifestly erroneous." State v. Barbe, 209 La. 185, 192, 24 So.2d 372, 374.

Our review of the record has not convinced us that the amount of the jury's award is so clearly or manifestly erroneous as to warrant its being disturbed.

For the reasons assigned, the judgment appealed from is affirmed.