247 So.2d 258 (1971)
EVANGELINE PARISH POLICE JURY, Plaintiff, Appellant-Appellee,
v.
Sherman H. DEVILLE, Defendant, Appellee-Appellant.
No. 3377.
Court of Appeal of Louisiana, Third Circuit.
April 22, 1971.
*259 Fruge & Foret by Jack C. Fruge Ville Platte, for plaintiff-appellant.
Tate & Tate by Donald Tate, Mamou, for defendant-appellee.
Before HOOD, MILLER and DOMENGEAUX, JJ.
DOMENGEAUX, Judge.
Plaintiff Police Jury, acting in its capacity as the governing body of Evangeline Parish, Louisiana instituted this expropriation suit against defendant Sherman H. Deville, under its inherent rights of eminent domain. It, together with other state subdivisions, had entered into an agreement with the Federal Government for the purpose of developing a project known as the Upper Bayou Nezpique Watershed in Evangeline and Allen Parishes, designed for watershed protection, flood prevention, agricultural water management and recreation. Defendant's property sought to be expropriated, and which was alleged to be necessary in order to accomplish the overall project is identified in three tracts, all contiguous. Tract One, sought in fee, contains 23.89 acres; Tract Two, upon which a permanent servitude is sought contains 2.29 acres and Tract Three, sought in fee, contains .32 acres. These tracts are part of a 160 acre spread owned by defendant. It is alleged that defendant's property is particularly needed in conjunction with a dam site which will result in recreation and flood prevention facilities.
At trial, it was stipulated that plaintiff had the statutory authority to expropriate the properties in question, and further, that the watershed project was one of public convenience and necessity. There was judgment in the District Court adjudicating Tracts One and Three to plaintiff in Fee, and granting it a permanent servitude on Tract Two, all in accordance with plaintiff's demands.
As just compensation defendant was awarded the sum of $6,689.20 for the fee grant of Tract One, based on a value of $280.00 per acre, and additionally he was awarded the sum of $75.00 for the servitude over Tract Two, and the sum of $89.00 for Tract Three in fee.
Both parties have appealed to this court, the plaintiff Police Jury alleging error in that the trial court's award of compensation is grossly excessive, and the defendant Sherman, in that the adjudication of the whole of Tract One in fee was not necessary to the accomplishment of plaintiff's purposes.
Defendant-appellant Sherman while offering no objection to the trial court's adjudication on Tracts Two and Three, contends, however, that the fee grant of Tract One comprising 23.89 acres materially affects his vision of developing this tract *260 with the remainder of his surrounding property into a family farm. He contends that the uppermost portion of Tract One comprising five acres is all that is necessary for plaintiff's needs in fee, this being the area which needs to be flooded. The remainder of Tract One, he suggests, should be granted on a servitude basis only.
Essentially able counsel for the landowner contends that the needs of the project would be adequately satisfied by securing in fee only the northernmost five acres of Tract One. He suggests that the landowner is willing to grant a perpetual servitude over the remaining acreage of said tract and further suggests that the condemnor's plans for recreation on this tract are vague and that the inundation possibilities of the lower portion of the tract are remote.
We find from the record that the plaintiff produced numerous engineers who testified to the reasonableness of the project and to the need of securing the whole of Tract One in fee. Without going into detail as to that testimony, suffice it to say that we are satisfied, as was the trial judge, that plaintiff's request for fee title is not unreasonable and demonstrates a need for fee title and is a necessity in conjunction with the overall watershed project. It is well settled in our jurisprudence that the extent of the property to be expropriated and the location thereof are within the sound discretion of the body possessing the power of eminent domain, and the determination of same will not be interfered with if made in good faith. Greater Baton Rouge Port Commission v. Watson, et al., 224 La. 136, 68 So.2d 901; Board of Levee Commissioners Orleans Levee District v. Jackson's Estate, 113 La. 124, 36 So. 912; Board of Commissioners v. Franklin, 219 La. 859, 54 So.2d 125; Fuselier v. Police Jury of Parish of Iberia, 109 La. 551, 33 So. 597; City of New Orleans v. Moeglich, 169 La. 1111, 126 So. 675; City of Gretna v. Brooklyn Land Company, 182 La. 543, 162 So. 70.
It is also a general rule in such a case that the amount of land and the nature of the acreage taken must be reasonably necessary for the accomplishment of the proposed project. Parish of Iberia v. Cook, 238 La. 697, 116 So.2d 491 (1959); Texas Pipeline Company v. Barbe, 229 La. 191, 85 So.2d 260 (1956); Greater Baton Rouge Port Commission v. Watson, et al., supra. However, when the reasonableness of the amount of land or of the nature of the interest taken is challenged and the taker is a political subdivision of the State of Louisiana, such as is the case herein, the burden is on the defendant landowner to establish that the decision of the taker is unreasonable or has been made in bad faith. Parish of Iberia v. Cook, supra; Greater Baton Rouge Port Commission v. Watson, supra; State v. Cooper, 213 La. 1016, 36 So.2d 22 (1948); City of Gretna v. Brooklyn Land Co., supra. It is our opinion that defendant-appellant has failed to carry this burden.
Concerning the question of the excessiveness of the trial court's award for just compensation raised by plaintiff-appellant Police Jury, we find that the Police Jury utilized the testimony of Messrs. Lauren Willet and Darrell B. Willet, who were recognized by the District Court as expert appraisers, and also that of Mr. James E. Noel, a duly licensed forester. In order to reach a value of the property in question these experts visited the property, studied its location on maps and attempted to relate comparable sales in relation to same. The conclusion of plaintiff's experts was to the effect that the fee value of the three tracts in question amounts to $175.00 per acre, and they correlated that value to the servitude value of Tract Two at 15 per cent, or $60.00 for the servitude. Plaintiff's experts were of the opinion that the highest and best use of defendant's property was agricultural use and/or timber land with a portion suitable for conversion to agricultural use.
Defendant utilized the services of Mr. Wilson Campbell who although not sought *261 to be qualified as an expert in appraisement matters, nevertheless was shown to have had experience with land in the area involved and who had leased and bought land in the area over the years, owning some himself in the general vicinity, and who had had substantial experience in clearing timber land for conversion to agricultural uses. It was his opinion that defendant's land was readily subject to conversion for agricultural uses and that agricultural land in the area involved was worth $300.00 per acre, and he stated that he had paid that amount for other lands. He testified that the conversion of defendant's land for the anticipated agricultural use could be accomplished for approximately $20.00 per acre if the labor would be performed by defendant and his three sons, which was indicated to be defendant's plan. Although the trial judge did not indicate such, it appears that he accepted the opinion of the witness Campbell assessing the value of $280.00 per acre on the subject property.
The trial judge has much discretion in determining whose testimony on land values he will accept so long as he satisfies himself that the witness has had an opportunity to familiarize himself with land values in the area. On the question of the admissibility of Mr. Campbell's testimony, a witness who owns property in the area and who has familiarity with the other land based on his residence in the neighborhood can be allowed to express an opinion as to value, provided, of course, that his opinion is well grounded. State Through Dept. of Highways v. Stoer, 238 La. 718, 116 So.2d 498 (1959); State v. Barbe, 209 La. 185, 24 So.2d 372; State v. Ferris, 227 La. 13, 78 So.2d 493 (1955); Louisiana Ry. & Navigation Co. v. Sarpy, 117 La. 156, 41 So. 477 (1906); State through Dept. of Highways v. Matise, 170 So.2d 709 (La.Ct.App.1964); Department of Highways v. Wall, 32 So.2d 718 (La. Ct.App.1947). Likewise a person who has sold land in the neighborhood of the property taken is ordinarily allowed to express an opinion as to its value. Gulf States Util. Co. v. Hatcher, 184 So.2d 326 (La.Ct. of App. 1966).
In an excellent treatise entitled Eminent Domain in Louisiana having to do with a general analysis of expropriation law and practice by Professors Dakin and Klein of the Louisiana State University Law School, and in which they cite numerous cases supporting their conclusions, we find the following language at pages 390 and 393 of the treatise as follows:
"* * * If there are not comparable sales upon which the opinions of the witnesses may be based or if the court finds that the sales relied on are not truly comparable, other methods of setting value may validly serve as a basis for a witness' opinion. When such a situation arises, the opinion of persons experienced in the purchase and sale of real estate in the vicinity and familiar with land values in the area may be relied on in making the award.
* * * * * *
"* * * When several witnesses employ the comparable sales approach, the opinion of the witness who relies on sales of property which the court feels are more comparable to the property taken will be accorded greater weight * * *"
The defendant landowner purchased his 160 acres, of which the subject tracts herein form a part, approximately one year before the trial of this case. He did so with the purpose of converting it in its practical entirety to agricultural uses, and in fact, had already cleared approximately 60 acres, and planted a portion of this acreage. The trial judge undoubtedly accepted the testimony of the witness Campbell, based upon his knowledge of transactions so motivated, in preference to the testimony of the plaintiff's experts. This he had a right to do and we find no error in his so doing.
*262 For the foregoing reasons, the judgment of the trial court is affirmed. Under ordinary circumstances we would divide the costs of this appeal between the two unsuccessful appellants, however, in this case, the plaintiff-appellant is exempt from the payment of costs under LSA-R. S. 13:4521, therefore we merely assess one-half of these costs to defendant-appellant.
Affirmed.