GARRISON, Judge.
This is an appeal from a district court judgment granting to the Consolidated Sewerage District of the City of Kenner the right to expropriate a 24 acre tract of land owned by Elaine Guenther, the wife of/and John Erwin Schulin, Jr., and condemning the Sewerage District to pay the Schulins the sum of fourteen thousand dollars as compensation, plus legal interest from the date of judicial demand, plus attorney’s fees in the amount of thirty-five hundred dollars and costs. From that judgment, the City appeals, seeking to reduce the compensation and attorney’s fees awarded, as well as arguing that interest is not recoverable. Mr. and Mrs. Schulin argue that the amount of compensation awarded should be increased to the fair market value used for assessments under the property tax system, that attorney’s fees should be increased to *1371 five thousand dollars, and that they are entitled to interest from the date of judicial demand.
At the trial level, defendants-appellees raised the plea of equitable estoppel to prevent the presentation of any evidence of value other than the assessed value of the property. The trial court properly overruled this exception, as they failed to show the three elements of equitable estoppel: (1) a representation by conduct or word, (2) justifiable reference and (3) a change in position to one’s detriment because of the reliance. State v. National Advertising Co., 356 So.2d 557 (La.App.3rd, 1978); Wilkinson v. Wilkinson, 323 So.2d 120 (La.1975).
While the exception of equitable estoppel is not available to appellees, the argument upon which it is based is re-urged on appeal. Appellees contend that it is inequitable to permit the expropriating authority to use a higher market value for purposes of ad valorem tax assessment and a lower market value for purposes of expropriation. In order to determine the viability of this argument, it is necessary to review the statutory history involved.
Prior to the adoption of the Louisiana Constitution of 1974, ad valorem taxes were assessed against property on the basis of the cash value at the time of the sale. Article 7, § 18 of the Constitution of 1974 provided that:
“(A) Property subject to ad valorem taxation shall be listed on the assessment rolls at its assessed valuation, which . shall be a percentage of its fair market value. The percentage of fair market value shall be uniform throughout the state upon the same class of property.
(B) The classification of property subject to ad valorem taxation and the percentage of fair market value applicable to each classification for the purposes of determining assessed valuation are as follows:
Classifications: Percentages:
1. Land 10%
2. Improvements for residential purposes 10%
3. Other property 10%

(D) Each assessor shall determine the fair market value of all property subject to taxation within his respective parish or district except public service properties, which shall be valued at fair market value by the Louisiana Tax Commission or its successor. Each assessor shall determine the use value of property which is to be so assessed under the provisions of Paragraph (C). Fair market value and use value of property shall be determined in accordance with criteria which shall be established by law and which shall apply uniformly throughout the state.
(E) The correctness of assessments by the assessor shall be subject to review by the parish governing authority, then by the Louisiana Tax Commission or its successor, and finally by the courts, all in accordance with procedures established by law.”
The constitutional provision above was enacted in response to Levy v. Parker, 346 F.Supp. 897 (E.D.La., 1972) and Bussie v. Long, 286 So.2d 689 (La.App.1st, 1973), cert. denied, 288 So.2d 354 (La.1974) which held that the administration of the ad valorem tax system under the Constitution of 1921 “violated the equal protection and due process clauses of the Fourteenth Amendment because there was no uniformity of assessments of property of the same class throughout the state nor within the parishes.” 37 La.L.R. 158. The purpose of Art. 7, § 18 of the 1974 Constitution was to provide for a uniform method of assessment for ad valorem tax purposes.
In the same Constitution of 1974, the proposals of the Constitutional Convention of 1973, as ratified by the will of the people, provided for expropriation for public purposes in Art. 1, § 4:
“Every person has the right to acquire, own, control, use, enjoy, protect, and dispose of private property. This right is subject to reasonable statutory restrictions and the reasonable exercise of the police power.
*1372 Property shall not be taken or damaged by the state or its political subdivision except for public purposes and with just compensation paid to the owner or into court for his benefit. Property shall not be taken or damaged by any private entity authorized by law to expropriate, except for a public and necessary purpose and with just compensation paid to the owner; in such proceedings, whether the purpose is public and necessary shall be a judicial question. In every expropriation, a party has the right to trial by jury to determine compensation, and the owner shall be compensated to the full extent of his loss.” (emphasis added)
Thus, the major issue on appeal is the question, “Does fair market value for purposes of property tax assessment equal just compensation for the full extent of loss for purposes of expropriation? We find that the terms are not equivalent.
In the instant appeal, we are presented with an unusual case in that the assessed fair market value was greater than the trial court’s determined compensation value for expropriation. The Schulins’ unimproved property was assessed at $21,-000.00 fair market value, but the trial court awarded $14,000.00. While at first glance, this may appear to be inconsistent, this court finds that in' fact no inconsistency exists. The market value is “what a willing purchaser would pay a willing seller under ordinary and usual circumstances.” La. Highway Comm. v. Paciera, 205 La. 784, 18 So.2d 193, 194 (1944); La. Highway Comm. v. Israel, 205 La. 699, 17 So.2d 914 (1944). There exists a strong line of jurisprudence in this State standing for the proposition that assessed value, like expert testimony and the use of comparable sales, is just one of many factors to be considered by the trier of fact in determining compensation.[1] Board v. Levee Com’rs, Orleans Levee Dist. v. Jackson’s Estate, 113 La. 124, 36 So. 912 (1904); La. Highway Comm. v. Guidry, 176 La. 389, 146 So. 1 (1933); City of New Orleans v. Larroux, 203 La. 990, 14 So.2d 812 (1943); City of New Orleans v. Heffle, 203 La. 996, 14 So.2d 814 (1943); City of New Orleans v. Cass, 203 La. 997, 14 So.2d 814 (1943); City of New Orleans v. Cerevallo, 203 La. 998, 14 So.2d 814 (1943); State v. Barbe, 209 La. 185, 24 So.2d 372 (1945), as well as other cases, too numerous to mention. Thus, we conclude that the trial judge was not erroneous in his determination that the assessed value for purposes of ad valorem taxation is not the sole and controlling factor in determining compensation. Accordingly, a review of the evidence convinces this court that the trial judge was not manifestly erroneous in his determination that the property be valued at $14,-000.00.
Turning now to the issue of attorney’s fees, we initially note the following comment from the records of the Louisiana Constitutional Convention of 1973:[2]
“We say in the next sentence that ‘the measure of just compensation shall be the full extent of the loss.’ In other words, when someone’s property is taken, he has a certain loss, and this section says that loss shall be the measure of just compensation. Sometimes, unfortunately, it has been much less. For example, suppose a highway comes across the corner of your property. You are offered five hundred dollars for it; it is worth a thousand. At present, there is no way you can get what *1373 it’s worth because if you go to court and challenge that offer and try to get your thousand dollars, and even if you win, you are going to lose, because of the cost of going to court, hiring an attorney, which you’ll have to pay. So this would attempt to take into account that fact .” (emphasis added)
It is clear to this court that the legislative intent relative to the phrase “to the full extent of his loss” was meant to include an award of attorney’s fees to the landowner in expropriation cases under Article I, § 4 of the Constitution of 1974. Additionally, we note that “in making awards for attorney’s fees, the trial court is vested with considerable discretion, the exercise of which will not be interfered with save in a case of clear abuse.” State Dept. of Highways v. Terrebonne, 349 So.2d 936 (La.App. 1st, 1977) at 940. We find that the award of attorney’s fees by the trial court was neither excessive nor a clear abuse of discretion.
Lastly, we address the issue of legal interest. On appeal, the Schulins contend that the language “to the full extent of his loss” includes a right to legal interest from the date of judicial demand. The Consolidated Sewerage District argues that interest is due only from the date of judgment.
Civil Code Article 1938 provides for legal interest as follows:
“All debts shall bear interest at the rate of seven per centum per annum from the time they.become due, unless otherwise stipulated.”
The critical issue, then, is when does the debt become due. We find that the debt becomes due as of the date of judgment, as prior to judgment, the debt is not ascertainable. An unliquidated claim is only due from the time that it is ascertainable. Alexander v. Burroughs Corp., 359 So.2d 607 (La.1978); Hicks v. Rucker Pharmacal Co., Inc., 367 So.2d 399 (La.App. 2nd, 1978), writ denied, 369 So. 1360 (La.). Accordingly, we find that the trial court erred in awarding interest from the date of judicial demand and should have provided for legal interest from the date of rendition of judgment.
For the above and foregoing reasons, the judgment appealed from is amended to award legal interest from the date of judgment and is affirmed in all other respects. Costs to be paid by the appellant.

AMENDED, AND AS AMENDED, AFFIRMED.

SCHOTT, J., concurs in the result.

. This court notes that the value of property determined by the respective Assessors’ Offices is not an absolute valuation. R.S. 47:1931 provides for boards of review, which rule upon complaints of questionable assessments and R.S. 47:1989 provides that the Louisiana Tax Commission hears appeals from the rulings of those boards. Additionally, R.S. 47:2110 provides for payment of ad valorem taxes under protest and institution of suit to recover those payments.

. Records of Louisiana Constitutional Convention of 1973: Convention Transcripts, Vol. VI, p. 1031, Proceedings of the 39th Day-Thursday, August 30, 1973 (La. Constitutional Convention Records Commission, 1977).