SCHOTT, Judge,
concurring in result.
Plaintiff called an expert appraiser, Angus Eason, who testified that the value of this property was 40 cents per square foot based on nine comparable sales which he identified and discussed. He explained that the principal weakness of this property was its inaccessibility, and five of his compara-bles were sales of similar inaccessible property occurring between October, 1974, and March, 1977, for prices between 28 cents and 45 cents per square foot.
Defendants pleaded estoppel based on the fact that plaintiff and its governing body, the City of Kenner Council, had collected taxes based on an assessed value of $21,000. To establish the value of their property defendants relied on this assessed value and the testimony of a deputy assessor for Jefferson Parish.
In Wilkinson v. Wilkinson, 323 So.2d 120 (La.1975) the court defined equitable estop-pel “as the effort of the voluntary conduct of a party whereby he is barred from asserting rights against another party justifiably relying on such conduct and who has changed his position to his detriment as a result of such reliance.” I agree with the majority opinion that the ingredients essential for the application of the doctrine are not present, and add that there was an absence of “voluntary conduct,” particularly, on the part of plaintiff.
The value of the property for taxation purposes is made by the assessor, an officer whose constitutional duties are performed independently of and separate from taxing bodies, such as plaintiff. Those taxing bodies simply accept the assessor’s value and compute the amount of taxes according to the prevailing millage. Their use of the assessed values is not voluntary but purely *1374 ministerial and cannot estop them from asserting another value in an expropriation proceeding.
On the other hand, the assessed value was admissible evidence, and, while not controlling, was properly considered by the trial court in determining the value of the property. City of New Orleans v. Larroux, 203 La. 990, 14 So.2d 812 (1943).
The trial judge’s award of $14,000 was equivalent to 83 cents per square foot, and is supported by the record as a whole. In arriving at his evaluation plaintiff’s appraiser made no adjustments in his compa-rables to allow for inflation even though one of the five principal comparables, which was a sale for 39 cents per square foot, occurred almost five years prior to the judgment, three for prices of 33 cents, 35 cents and 45 cents occurred about three years previously, and one for 28 cents occurred over two years previously. Undoubtedly the trial judge considered the age of these comparables and gave some weight to the $1.25 per square foot assessed value in reaching his judgment.