MORIAL, Judge.
This is an appeal from a judgment awarding $13,665.00 as just and reasonable compensation for property expropriated by the City of New Orleans.
On June 19, 1973, plaintiff, the City of New Orleans, filed an action to expropriate a portion of land owned by defendants, Mrs. Violet M. Derbofen, wife of/and Gail T. Kreher. This land is situated in the third district, City of New Orleans, La-Kratt tract, being a portion of Grove 57 fronting east of Wright Road 168.20' with a width across the rear of 173.81' by a depth of 51.01'/94.69', containing .2767 acres or 12,053 sq. ft. The petition alleged that this property was to be acquired for public use by the City of New Orleans as part of a project for the Wright Road extension and further prayed for relief in accordance with LSA-R.S. 19:1-14. It alleged the property’s value to be $4,290.00.
The defendants’ answer denied the necessity and public purpose of the expropriation and alleged that the taking was improper in that it was excessive and that the site selection was arbitrary and capricious. Defendants also filed a reconventional demand asserting that in the event the expropriation was valid the value of their land *553 was $30,000.00 and that severance and other damages would be suffered in the amount of $24,000.00.
The trial court after hearing testimony from appraisers for both plaintiff and defendants accepted the base valuation of $20,250.00 placed upon the land by defendants’ appraisers. The court awarded no severance or other damages (due to a total absence of proof), but adjusted the $20,250.00 base valuation by the sum of $6,585.00 which the court said represented “the prorata cost of the construction of a project referred to as the Wright Road extension fronting the Kreher’s property.” Defendants appeal. We affirm.
On appeal, defendants allege the invalidity of the expropriation and alternatively that the pro rata cost of construction was improperly deducted.
Defendants contention that the taking by the city was improper is totally without foundation. LSA-R.S. 19:2 authorizes the City of New Orleans to expropriate property. In Jefferson Parish School Board v. Marrero Land & I, Ass’n, Ltd., 258 So.2d 585, 587 (La.App. 4 Cir. 1972) we stated:
“ * * * It is well settled in our jurisprudence that the extent of the property to be expropriated and the location are within the sound discretion of the body possessing the power of eminent domain and this determination will not be interfered with if made in good faith. * * * ” (citations omitted)
Uncontradicted testimony at the trial established that the subject property was necessary in order to complete a street which was to be used for the benefit of the public. Defendants made no allegation that the city acted in bad faith and, accordingly, the determination that this land is a proper object for expropriation may not be upset.
The remaining issue to be considered involves the valuation of the expropriated property. Generally, the compensation awarded to an owner for expropriated property is the market value at the time of the taking. This value would be the price agreed upon in a voluntary sale between an informed owner willing to sell and an informed purchaser willing to buy. City of New Orleans v. Cloutet, 296 So.2d 357 (La.App. 4 Cir. 1974). In the present case, defendants’ expert appraiser, William Tessier, testified that the Kreher property, although unimproved, was quite valuable because of its location and the absence of any subdivision restrictions upon it. The property is surrounded by the Lake Forest Subdivision and based on comparable sales of vacant land in that community, he valued it at $1.68/sq. ft. (or $20,250 for the total 12,053 sq. ft.). It is to be noted that in all the Lake Forest sales the developer was obligated to install water and sewer lines, drainage and street improvements and the selling prices necessarily reflected the value of these facilities. The undeveloped subject property, however, by agreement between the City of New Orleans and Lake Forest, Inc., would receive these improvements gratuitously with the City and Lake Forest splitting costs. Since the comparable price of $20,250.00 reflected development costs, it became incumbent upon the trial judge to adjust defendants’ appraisement in order to arrive at an accurate fair market value.
Unrefuted evidence established that the total cost of paving and drainage on the property would amount to $13,070.14, one-half of which would normally be borne by the landowner. The trial judge, therefore, deducted development costs of $6,585.00 (\/2 of $13,070.00) from defendants’ appraisal to arrive at the sum of $13,665.06 as just and adequate compensation for the property. We see no error in his method of computation.
The judgment of the trial court is affirmed. Defendants are to pay all costs.

Affirmed.