FORET, Judge.
This is a suit to expropriate a tract of land located in Acadia Parish. Plaintiff, Acadia Parish Police Jury, filed suit seeking to expropriate two unimproved parcels of ground belonging to defendants, De-Blanc A. Delahoussaye and his wife, Frances Scheffert Delahoussaye. Defendants answered, contesting plaintiff's right to expropriate the property. After a hearing, the trial court rendered judgment in favor of defendants, finding that the expropriation was unnecessary. Plaintiff has appealed.
The sole issue before us on appeal is whether the trial court erred in finding that the Police Jury had no right to expropriate defendants’ property.
FACTS
Kathy and Meadowbrook Apartments is a public housing project containing 144 individual housing units which accommodate five hundred people. The apartment complex is located in Acadia Parish adjacent to the City of Crowley. As originally planned, the apartment complex had only one access road leading in and out of the complex. Sometime in 1983, plaintiff, Acadia Parish Police Jury, undertook a project to provide another access to the apartment complex. The new access required the building of a bridge over a drainage canal and a roadway extension leading from the bridge to a city street, “Short” Ninth Street. Defendants’ property, which was *791 needed for the construction of the bridge, consisted of one parcel actually located in the canal and another immediately adjacent to it[1]. The Police Jury sought and was successful in obtaining funding for the project from the Federal Government.
Sometime after plaintiff’s application for the funding of the project, a second access to the apartment complex was opened up by tying the complex in with an adjacent city street, Tenth Street. Subsequently, however, the City of Crowley blocked off this access. Suit was filed in Federal District Court, and the court issued a preliminary injunction which ordered that the Tenth Street access be reopened and held open until the bridge and roadway extension leading to “Short” Ninth Street were completed. At the time of the trial of this case, the Tenth Street access was open as a result of this federal court order.
POLICE JURY’S RIGHT TO EXPROPRIATE DEFENDANTS’ PROPERTY
In the present case, the Police Jury sought to expropriate defendants’ property pursuant to the power of expropriation granted it by LSA-R.S. 19:2. The trial court found that the Police Jury had no right to expropriate defendants’ property because, in its opinion, the construction of the access was unnecessary. The Police Jury maintains, and we agree, that the necessity of an expropriation by a public body under R.S. 19:2 is within the sound discretion of that body and should not be interfered with if made in good faith. City of New Orleans v. Kreher, 327 So.2d 551 (La.App. 4 Cir.1975). Defendants have tried to distinguish a taking pursuant to R.S. 19:2 and a taking pursuant to R.S. 19.102[2].
R.S. 19:102 provides that, only in a limited number of cases, will a municipal corporation’s determination of necessity for an expropriation not be conclusive. By clear implication, in all but these limited cases, a municipal corporation’s determination of necessity is conclusive. R.S. 19:2 contains no such provision. As a result, defendants contend that while the exercise of the expropriation power granted by R.S. 19:102 is within the sound discretion of the expropriating municipal corporation, the expropriation power granted to a police jury by R.S. 19:2 is more limited and must be strictly construed. We do not think that such a distinction is justified and find, in agree *792 ment with the authority cited above, that whenever a public body exercises its power of expropriation, whether pursuant to R.S. 19:102 or R.S. 19:2, the determination of the necessity for the taking is within the sound discretion of the public body and will not be disturbed if made in good faith. Furthermore, in such a case, the burden is on the defendant landowner to establish that the decision of the public body is unreasonable and in bad faith. See Evangeline Parish Police Jury v. Deville, 247 So.2d 258 (La.App. 3 Cir.1971).
In the present case, it is clear that the trial court impermissibly substituted its own judgment for that of the Police Jury when it determined that the taking was unnecessary. The trial court, itself, found that the Police Jury had acted in good faith. Such a finding precluded the trial court from substituting its own judgment for that of the Police Jury.
In addition, our own review of the record convinces us that the Police Jury acted in good faith. There was no dispute over the need for the second access route to Kathy and Meadowbrook Apartments Complex. Although a second access was open at the time of trial, the continuing availability of this access was in doubt. The preliminary injunction which kept the Tenth Street access open was granted in contemplation of the completion of the bridge and roadway extension to “Short” Ninth Street[3].
Given the need for a second access and the uncertainty of the continued existence of the Tenth Street access, the Police Jury’s decision to proceed with the project was not an abuse of discretion and was made in good faith, as found by the trial court.
Defendants have also maintained that the planned expropriation was illegal because the Police Jury failed to follow the dictates of LSA-R.S. 48:492 and 493. These statutes govern the laying out of parish roads and require that a “jury of freeholders” lay out parish roads and assess damages sustained by persons oh whose lands such roads are laid out. In the present case, however, these statutes do not apply. Defendants’ property consists of a parcel actually located in the drainage canal itself and another parcel immediately adjacent to the canal. Under the Police Jury’s plan, defendants’ land will be used for the construction of a bridge and one of the approaches to that bridge. The construction of parish bridges (including approaches) and the expropriation of property in conjunction with such construction is specifically governed by LSA-R.S. 48:831 et seq. Plaintiff Police Jury has complied with the requirements of R.S. 48:831 et seq. which allows an expropriation in accordance with R.S. 19:2.
DECREE
For the foregoing reasons, the judgment of the trial court is reversed, and
IT IS ORDERED, ADJUDGED AND DECREED that, upon payment of just compensation by plaintiff, Acadia Parish Police Jury, to defendants, Deblanc A. De-lahoussaye and his wife, Frances Scheffert, that plaintiff be adjudicated the following property:
PARCEL NO. 1
That certain tract or pracel of ground identified as Lot Seventeen (17) of the Del Heights Subdivision to the City of Crowley, Acadia Parish, Louisiana, which tract contains 0.586 acres. Said tract is designated as Parcel One (1) on *793 the attached plat by Charles T. Mader, dated June 15, 1984, revised July 10, 1984.
PARCEL NO. 1-A
That certain tract or parcel of ground containing 0.112 acres, located in Section Thirty-seven (37), Township Ten (10) South, Range One (1) East, City of Crowley, Acadia Parish, Louisiana. Said tract lies adjacent to and Northwest of Parcel No. 1 described above and forms part of the Crowley City Ditch. Said tract is more fully shown and designated as Parcel 1-A on the attached plat by Charles T. Mader dated June 15,1984, revised July 10,1984.
This case is remanded to the trial court for determination of the amount of compensation to which defendants are entitled.
Costs, both at the trial level and on appeal, are assessed against defendants-ap-pellees.
REVERSED AND REMANDED.

. These parcels are more precisely described as:
PARCEL NO. 1
That certain tract or parcel of ground identified as Lot Seventeen (17) of the Del Heights Subdivision to the City of Crowley, Acadia Parish, Louisiana, which tract contains 0.586 acres. Said tract is designated as Parcel One (1) on the attached plat by Charles T. Mader, dated June 15, 1984, revised July 10, 1984.
PARCEL NO. 1-A
That certain tract or parcel of ground containing 0.112 acres, located in Section Thirty-seven (37), Township Ten (10) South, Range One (1) East, City of Crowley, Acadia Parish, Louisiana. Said tract lies adjacent to and Northwest of Parcel No. 1 described above and forms part of the Crowley City Ditch. Said tract is more fully shown and designated as Parcel 1-A on the attached plat by Charles T. Mader dated June 15, 1984, revised July 10, 1984.

. LSA-R.S. 19:102 provides:
“Where a price cannot be agreed upon with the owner, any municipal corporation of Louisiana may expropriate property whenever such a course is determined to be necessary for the public interest by the governing authority of the municipality; provided, however, in case of the acquisition of any electric light, gas or waterworks property or plant, or of any railroad property, such determination shall not be conclusive as to whether the purpose of the taking is necessary, which, if contested, is a judicial question to be decided independently by the trial judge. Where the same person is the owner of gas, electric light, and waterworks plants, or of more than one of any one kind of plant, the municipal corporation may not expropriate any one of the plants without expropriating all of the plants within its jurisdiction owned by the same person.
Added by Acts 1977, No. 453, § 1.” LSA-R.S. 19:2 provides, in pertinent part:
"§ 2. Expropriation by state or certain corporations
Where a price cannot be agreed upon with the owner, any of the following may expropriate needed property:
(1) The state or its political corporations or subdivisions created for the purpose of exercising any state governmental powers;

. The ruling of the Federal District Court provided in part:
"[It is] ORDERED that a preliminary injunction issue herein directing the City of Crowley to remove the barricade and open the extension of 10th Street to pedestrian and vehicular traffic no later than May 26, 1984. Said order to remain in full force and effect until such time as a bridge and access road are completed linking Fernwood Drive to the Meadows and Kathy Apartments.
"ORDERED that counsel for defendants is ordered to notify the Court upon completion and certification of the bridge and road and notify the court by November 5, 1984, the status of construction if not completed.”