412 So.2d 639 (1982)
William R. LOSEY, Plaintiff-Appellant,
v.
Patricia Burgess LOSEY, Defendant-Appellee.
No. 14773.
Court of Appeal of Louisiana, Second Circuit.
March 2, 1982.
*640 Love, Rigby, Dehan, Love & McDaniel by Joe Cordill, Jr., Shreveport, for plaintiff-appellant.
Sockrider & Bolin by H. F. Sockrider, Jr., Shreveport, for defendant-appellee.
Before PRICE, HALL and FRED W. JONES. Jr., JJ.
PRICE, Judge.
Plaintiff, William R. Losey, appeals a judgment in favor of defendant, Patricia Burgess Losey, for expenses and attorney fees incurred in litigation of a child custody matter pursuant to the Uniform Child Custody Jurisdiction Act (La.R.S. 13:1700, et seq.). We affirm.
Plaintiff and defendant were married in Baton Rouge, Louisiana on December 30, 1967, and thereafter established a matrimonial domicile in Delaware where plaintiff was stationed as a member of the United States Air Force. Two children were born of the marriage, Keith and Joshua, who were respectively eight and three years old at the institution of this suit. On September 12, 1979, after his separation from the Air Force, plaintiff secured employment in Shreveport, Louisiana. At this time plaintiff was informed that defendant and the children would not follow him to Shreveport.
On September 14, 1979, plaintiff removed Keith from the family home and brought him to Shreveport. Approximately two or three weeks later, plaintiff returned to Delaware and forcibly removed Joshua from the family home.
On October 18, 1979, plaintiff filed suit in Caddo Parish for a separation a mensa et thoro and custody of the children. An attorney was appointed to represent the absent defendant and by ex parte order plaintiff was granted provisional custody of the children. In July of 1980, after months of negotiation with plaintiff, defendant retained local counsel and filed a reconventional demand for a separation a mensa et thoro and custody of the children. On September 16, 1980, plaintiff filed a supplemental petition seeking a divorce on the grounds of living separate and apart for one year and again praying for custody of the children.
When the matter came to trial on September 26, 1980, defendant objected to the court's jurisdiction over the subject matter under the Uniform Child Custody Jurisdiction Act. After an evidentiary hearing the court declined to exercise jurisdiction over the child custody issue while retaining jurisdiction for the divorce proceeding. The decision declining jurisdiction was not appealed and has become definitive.
Thereafter, defendant instituted a rule for reimbursement of those expenses incurred in defense of the custody question. (Judge James E. Clark rendered the judgment declining jurisdiction, and Judge Charles R. Lindsay rendered the judgment for expenses and attorney fees now under consideration.) After reviewing the earlier proceedings, Judge Lindsay found that plaintiff improperly removed the children to Louisiana, therefore, defendant was entitled to an award for those expenses and attorney fees attributable to the custody issue. Judgment was rendered awarding defendant $1,359.10 for expenses and $2,500 for attorney fees.
*641 La.R.S. 13:1707[1] grants a court the power to decline jurisdiction in a child custody matter if the petitioner has "wrongfully taken" the child from another state or has engaged in "similar reprehensible conduct." If jurisdiction is declined under this section, the court may award the opposing party those expenses and attorney fees which were necessary in litigating the issue. Plaintiff now contends the trial court erred in its determination that plaintiff's conduct was of such a nature as to invoke the expenses and attorney fees provision of the statute.
In the ruling which declined jurisdiction, Judge Clark determined that plaintiff brought the children to Shreveport under circumstances which were "less than satisfactory" and in a manner which was "not acceptable in the eyes of this court." After a hearing on the rule for expenses and attorney fees, Judge Lindsay held the conclusions reached by Judge Clark in the prior hearing constituted a finding that plaintiff had wrongfully taken the children from Delaware and had engaged in reprehensible conduct under La.R.S. 13:1707. Judge Lindsay further found that plaintiff had instituted suit in a clearly inappropriate forum, and thus expenses and attorney fees could also be awarded under La.R.S. 13:1706(G).[2]
Although Judge Clark did not specifically state that he was declining to exercise jurisdiction under La.R.S. 13:1707, it can be reasonably inferred such was the intent of the court. Furthermore, our independent review of the record shows plaintiff did in fact wrongfully remove the children from the family home in Delaware. Therefore, Judge Lindsay was correct in his determination that an award for expenses and attorney fees was proper under the circumstances. Having found that a judgment for defendant was proper under La.R.S. 13:1707, we need not also decide if Louisiana was clearly an inappropriate forum under 13:1706(G).
Plaintiff further contends defendant should be estopped from seeking an award of expenses and attorney fees under the act since she had an expressed desire to litigate the custody matter in the Louisiana forum.
For the doctrine of estoppel to be applied, three elements must be present:
(1) a representation by conduct or word;
(2) justifiable reliance; and
(3) a change in position to a party's detriment because of the reliance.
Wilkinson v. Wilkinson, 323 So.2d 120 (La. 1975).
In the instant case, the circumstances show defendant desired to litigate the custody matter in Louisiana only because it was the most expedient method to determine custody of the children after plaintiff had instituted suit in his chosen forum. Therefore, an essential element of estoppel, *642 detrimental reliance, is totally lacking in this case.
Furthermore, estoppel is not favored in our law and properly applies only to representations of fact. State v. Mitchell, 337 So.2d 1186 (La.1976). Defendant's representations related solely to subject matter jurisdiction, which cannot be obtained by mere consent of the parties. Since both parties were equally apprised of the actual law in this area, this is not a proper case for the application of estoppel.
Finally, plaintiff contends the trial court erred in its determination of the attorney fees which were awarded to defendant. Plaintiff argues that the trial court improperly awarded attorney fees for those matters which were not solely related to litigation of the child custody matter. The trial court is given great discretion in the assessment of attorney fees and absent a clear showing of abuse of discretion, the award will not be disturbed. Consolidated Sewerage Dist. of City of Kenner v. Schulin, 387 So.2d 1369 (La.App. 4th Cir. 1980); Garden Hill Land Corp. v. Cambre, 354 So.2d 1064 (La.App. 4th Cir. 1978), writ denied 356 So.2d 439. In the instant case the trial court undertook the difficult task of separating those matters which were germane to the custody issue and those matters related to defendant's other reconventional demands. After a review of the record, we find the trial court did not abuse its discretion in the award.
For the reasons assigned, the judgment of the trial court is affirmed at plaintiff's costs.
NOTES
[1] La.R.S. 13:1707 Jurisdiction declined by reason of conduct

A. If the petitioner for an initial decree has wrongfully taken the child from another state or has engaged in similar reprehensible conduct the court may decline to exercise jurisdiction if this is just and proper under the circumstances.
B. Unless required in the interest of the child, the court shall not exercise its jurisdiction to modify a custody decree of another state if the petitioner, without consent of the person entitled to custody, has improperly removed the child from the physical custody of the person entitled to custody or has improperly retained the child after a visit or other temporary relinquishment of physical custody. If the petitioner has violated any other provision of a custody decree of another state the court may decline to exercise its jurisdiction if this is just and proper under the circumstances.
C. In appropriate cases a court dismissing a petition under this Section may charge the petitioner with necessary travel and other expenses, including attorneys' fees, incurred by other parties or their witnesses.
[2] La.R.S. 13:1706(G)

If it appears to the court that it is clearly an inappropriate forum it may require the party who commenced the proceedings to pay, in addition to the costs of the proceedings in this state, necessary travel and other expenses, including attorneys' fees, incurred by other parties or their witnesses. Payment is to be made to the clerk of the court for remittance to the proper party.