416 So.2d 639 (1982)
John Charles HUST, Plaintiff-Appellant,
v.
Dale L. WHITEHEAD, Defendant-Appellee.
No. 14919.
Court of Appeal of Louisiana, Second Circuit.
June 15, 1982.
Johnston, Thornton, Dawson, Hunter & Feinberg by James R. Dawson, Shreveport, for plaintiff-appellant.
Smith & Bowers by Glen H. Smith, Shreveport, for defendant-appellee.
Before PRICE, HALL and JASPER E. JONES, JJ.
PRICE, Judge.
Plaintiff, John Charles Hust, appeals a judgment in favor of his ex-wife, Dale L. Whitehead, for expenses and attorney fees incurred in litigation of a child custody matter pursuant to the Uniform Child Custody Jurisdiction Act (La.R.S. 13:1700 et seq.). We affirm.
Plaintiff and defendant were granted a divorce in Lubbock County, Texas on September 20, 1979. The agreed judgment granted custody of their two sons, Christopher and Tony, who were respectively seven and five years old at the institution of this suit, to defendant and allowed plaintiff visitation privileges. Plaintiff moved to Caddo Parish where he later remarried, and defendant, who also remarried, remained in Texas.
Sometime in early June 1981, plaintiff learned that defendant and her husband had left the children in the care of the maternal grandmother while they traveled across Texas seeking employment. Fearing the children had been abandoned, and that defendant and her husband could not provide them with a stable home, plaintiff went to Lubbock, Texas and took the children with him to Louisiana on June 20, 1981. On June 23, 1981, he filed a petition for custody in the First Judicial District Court of Caddo Parish.
On July 21, 1981, defendant filed a motion to stay, motion to dismiss, and motion *640 for attorney fees and expenses as it related to the custody of the children. She alleged the Lubbock County, Texas court retained jurisdiction over the children's custody, and that plaintiff's actions constituted kidnapping, which is expressly proscribed by the Uniform Child Custody Jurisdiction Act.[1] She requested a dismissal and/or stay of the proceedings and reasonable expenses and attorney fees. In a consent judgment the trial court dismissed plaintiff's suit with prejudice and ordered the return of the children to defendant. It was stipulated that defendant's expenses incurred in defending this suit were $3,495.09; however, the trial court reserved its ruling on her entitlement to reimbursement of these expenses until a later date. On November 17, 1981, a hearing was held and the trial court rendered judgment in favor of defendant for the stipulated amount.
Defendant did not appear at the November 17 hearing. Her only witness, Rebecca Russom, a Shreveport resident and close friend, testified as to the authenticity of the expenses. All the pleadings in the case, including her motion to dismiss and her accompanying affidavit, were filed into evidence. The motion contained allegations that plaintiff, prior to his taking the children, had informed the grandmother that he always carried a gun, and the grandmother had heard he would use it if she did not allow him to take the children. In her affidavit, defendant stated that plaintiff had used threats to coerce the grandmother to give up the children. She further stated the children had lived with her before and since her divorce until the plaintiff took them.
Plaintiff testified that on June 17, 1981, three days prior to his taking the children, defendant and her husband went to Shreveport to visit him and his wife. The purpose of the visit was to solicit plaintiff's help in finding employment near the Shreveport area so that it would be more convenient for plaintiff to visit the children. Plaintiff alleged that during this visit it was agreed that he would pick up the children from the maternal grandmother in Lubbock and keep them while defendant and her husband traveled.
Plaintiff's version of his taking the children was different from defendant's. He testified the grandmother was cordial and compliant, and he denied threatening her with a gun.
In its reasons for judgment, the trial court concluded that the children were improperly taken from Texas and that it was a "most inconvenient forum" for a hearing on the custody issue. The court awarded defendant expenses and attorney fees as provided for in the act.
Plaintiff contends there was no basis in law for awarding expenses and attorney fees because the trial court was divested of its jurisdiction over this issue once it dismissed his suit for a change of custody. He contends the trial court's finding of an inappropriate forum without an evidentiary hearing, including its decision that it would be an unnecessary expense for both defendant and the grandmother to travel to Shreveport to testify at the hearing, prevented him from litigating this issue. He further contends the trial court erred in finding Shreveport a clearly inappropriate forum, and that he had wrongfully taken *641 the children from Texas or had engaged in similar reprehensible conduct.
We find no merit in plaintiff's contention the trial court lost jurisdiction to award expenses and attorney fees after dismissing his suit for a change of custody. The award was made under express provisions of the Uniform Child Custody Jurisdiction Act and such right to expenses and attorney fees is not dependent upon the court having jurisdiction to grant or modify a custody award.
The trial judge granted the award for two reasons: (1) plaintiff having improperly taken the children from Texas, and (2) Caddo Parish being an inappropriate forum. We agree with the second reason and find that the relevant statute to be applied under these circumstances is La.R.S. 13:1706(G).[2]
The statute allows a trial court to make a finding of inconvenient forum on its own motion. The statute also lists several factors to be considered in determining which state is a more appropriate forum, among them, the home state of the child, the state with which the child has a close connection, and the state where evidence of the child's protection, training, and care is more readily available. We agree with the finding that the trial court was a clearly inappropriate forum. The record shows that the children lived in Texas virtually their entire lives and had been living in Lubbock since the 1979 custody award. Plaintiff's petition for custody was filed only three days subsequent to his taking the children. Clearly, Caddo Parish was an inappropriate forum in which to litigate this child custody suit. Therefore, expenses and attorney fees were properly awarded under La.R.S. 13:1706(G).
For the reasons assigned, the judgment is affirmed. All costs are assessed to plaintiff.
NOTES
[1] La.R.S. 13:1707 Jurisdiction declined by reason of conduct

A. If the petitioner for an initial decree has wrongfully taken the child from another state or has engaged in similar reprehensible conduct the court may decline to exercise jurisdiction if this is just and proper under the circumstances.
B. Unless required in the interest of the child, the court shall not exercise its jurisdiction to modify a custody decree of another state if the petitioner, without consent of the person entitled to custody, has improperly removed the child from the physical custody of the person entitled to custody or has improperly retained the child after a visit or other temporary relinquishment of physical custody. If the petitioner has violated any other provision of a custody decree of another state the court may decline to exercise its jurisdiction if this is just and proper under the circumstances.
C. In appropriate cases a court dismissing a petition under this Section may charge the petitioner with necessary travel and other expenses, including attorneys' fees, incurred by other parties or their witnesses.
[2] La.R.S. 13:1706(G)

If it appears to the court that it is clearly an inappropriate forum it may require the party who commenced the proceedings to pay, in addition to the costs of the proceedings in this state, necessary travel and other expenses, including attorneys' fees, incurred by other parties or their witnesses. Payment is to be made to the clerk of the court for remittance to the proper party.