LINDSAY, Judge.
This is an action for separation from bed and board and for child custody. The defendant, Pamela Willoughby Romero, has appealed the denial of her motion for new trial following the rendition of judgment by the trial court granting a separation from bed and board to plaintiff, Steven Randall Romero, and granting him sole custody of the minor child born of the marriage, with reasonable visitation rights reserved to the defendant. For the following reasons we affirm in part, reverse in part, amend in part the trial court judgment and remand for a new trial.
FACTS
The plaintiff, Steven Randall Romero, and the defendant, Pamela Willoughby Romero, were married in Georgia on March 12, 1981. The couple established a matrimonial domicile in Jacksonville, Florida. On May 30, 1982, their only child, Steven Randall Romero, II, was born in Florida. *1202 The parties then established a matrimonial domicile in Louisiana.
On June 29,1984, the defendant left Louisiana, with the child, and returned to her parents’ home in Florida. The plaintiff claimed that the parties agreed that the child would stay in Florida only three to four weeks, at which time the plaintiff would bring the child back to Louisiana. The defendant denied such an agreement.
The defendant refused to return the child to Louisiana and on July 25, 1984, she filed suit in Florida for alimony and child support and sought to be named the domiciliary parent for the child. No custody order was obtained from the Florida court.
On August 13, 1984, the plaintiff and his father went to Florida and removed the child from the day care center where the child was staying and returned to Louisiana with the child.
On August 16, 1984, the plaintiff filed suit in the District Court in Richland Parish, Louisiana seeking a separation from the defendant, alleging that she had abandoned him on June 29, 1984. The plaintiff also alleged that the child was living with him and sought to be awarded custody of the child, claiming that the defendant was abusive to the child.
On August 24, 1984, the attorney who was appointed to represent the absentee defendant filed an answer denying plaintiffs allegations.
On September 24, 1984, the case was taken up as an uncontested matter. The defendant was not present. After the hearing, a judgment was rendered in favor of the plaintiff, granting him a separation from bed and board, awarding him sole custody of the child, and granting reasonable visitation rights to the defendant.
On October 3, 1984, the defendant filed a motion for new trial. In her motion for new trial, the defendant contended that she failed to appear at the trial at which the issues of separation and child custody were adjudicated because of misleading statements which plaintiff made to her to the effect that he would hold the Louisiana proceeding in abeyance. She further contended that the Louisiana court had no jurisdiction to enter a judgment of child custody.
On December 17, 1984, the plaintiff filed in Florida a motion to quash and dismiss the Florida lawsuit on jurisdictional grounds. On January 15, 1985, the Florida court ordered that the proceedings in that court be stayed pending the outcome of the motion for new trial in Louisiana.
The hearing on the motion for new trial in Louisiana was held on December 17, 1984. Following the hearing, the case was taken under advisement.
On April 2, 1985, the trial court filed a written opinion denying the defendant’s motion for new trial. The court held that it did have jurisdiction to determine the issue of child custody. The court specifically found that the parties originally agreed that within three to four weeks after June 29, 1984, the defendant was to return the child to Louisiana to live with the plaintiff and that the defendant’s refusal to honor the agreement was arguably a “snatching” of the child by the defendant.
The court found that the child had lived in Louisiana for six months prior to institution of the custody proceedings in this state, the child was present in this state at the time the proceedings were instituted, and all necessary witnesses to determine the best interest of the child were in Louisiana. Based upon these findings the court found that under LSA-R.S. 13:1702, Louisiana had jurisdiction to decide the custody issue.
The court also concluded that the defendant failed to assert grounds justifying the granting of a new trial.
The court specified that court costs were to be divided equally between the parties, with the plaintiff to submit a judgment to the court and to opposing counsel for approval as to form.
On September 23, 1984, the trial court signed and filed a judgment denying the defendant’s motion for new trial. The judgment was silent as to costs and was not submitted to defendant’s counsel for approval as to form.
*1203 The defendant appealed the trial court judgment denying her motion for new trial, asserting several assignments of error.
The defendant argues that the Louisiana trial court lacked jurisdiction to make an award of custody under the provisions of LSA-R.S. 13:1700 et seq, the Uniform Child Custody Jurisdiction Act. The defendant also argues that the trial court erred in denying her motion for new trial and further erred in signing a judgment which failed to divide court costs equally between the parties as specified in the court’s written reasons for judgment.
JURISDICTION
The defendant argues that the Louisiana trial court lacked jurisdiction to make a determination regarding an award of custody of this child under the Uniform Child Custody Jurisdiction Act (UCCJA). The defendant argues that a child custody proceeding had been commenced in Florida prior to the institution of plaintiffs suit in Louisiana. The defendant also argues that because the plaintiff took the child from the state of Florida with no authorization and without her consent, the Louisiana court should have declined jurisdiction to decide this child custody case. We find these arguments to be meritless and affirm that portion of the trial court judgment which found that the Louisiana court had jurisdiction to determine the child custody issue.
Louisiana’s adaptation of the UCCJA, LSA-R.S. 13:1700 et seq., is controlling in disputes between courts of the various states concerning child custody matters. In this case, the defendant asserts that she had filed for child custody in Florida before the present proceedings were instituted in Louisiana, the child was physically present in Florida at the time the Florida suit was filed and the plaintiff wrongfully removed the child from Florida before institution of child custody proceedings in this state. On the basis of these facts, the defendant argues that Florida was the only forum in which the issue of child custody could be litigated. We disagree.
LSA-R.S. 13:1702 provides:
A. A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
(1) This state (i) is the home state of the child at the time of commencement of the proceeding, or (ii) had been the child’s home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state....
LSA-R.S. 13:1701(5) defines home state as:
(5) ... [T]he state in which the child immediately preceding the time involved lived with his parents, a parent, or a person acting as parent, for at least six consecutive months, and in the case of a child less than six months old the state in which the child lived from birth with any of the persons mentioned. Periods of temporary absence of any of the named persons are counted as part of the six-month or other period.
The child in question had resided in this state for more than six months prior to the institution of these proceedings. The child was originally taken out of the state by the mother with the approval of the father. There was some dispute as to whether the plaintiff and defendant had agreed that the child would be returned to Louisiana after one month. At any rate, the child had been a resident of Louisiana for six months prior to the commencement of custody proceedings and Louisiana was, therefore, the home state of the child and has jurisdiction to decide this custody matter.
In addition, the child has a significant connection with this state, and there is available in this state substantial evidence concerning the child’s present or future care, protection, training, and personal relationships. These factors afford an additional basis for the exercise of jurisdiction in Louisiana. LSA-R.S. 13:1702.
*1204 The defendant mother filed suit in Florida to gain custody of the child on July 25, 1984 and the record shows that the plaintiff had actual knowledge of those proceedings. The Louisiana suit was not filed by the plaintiff father until August 13, 1984. The defendant argues that because a suit was already pending in the Florida court, the Louisiana court should have declined jurisdiction.
LSA-R.S. 13:1705(A) provides:
A. A court of this state shall not exercise its jurisdiction under this Part if at the time of filing the petition a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with this Part, unless the proceeding is stayed by the court of the other state because this state is a more appropriate forum or for other reasons ....
In this case, at the time the suit for custody was filed by the defendant in Florida, the child had been in that state approximately one month. The record shows that the Florida court recognized that the Louisiana court was exercising jurisdiction over the matter and also apparently recognized that Louisiana was the child’s home state. On January 16,1985, the Florida court filed an order continuing the matter “until such time as the Fifth Judicial District Court in Richland Parish, Louisiana, has entered its order relative to the jurisdiction of the questions involved herein.”
Therefore, under LSA-R.S. 13:1705, the Louisiana court was not barred from the exercise of jurisdiction by the pending suit in Florida because that suit had been stayed.
Finally, the defendant argues that the Louisiana court should have declined to exercise jurisdiction in this matter because the plaintiff took the child from Florida without her knowledge or approval and returned the child to Louisiana where the instant custody proceedings were instituted. Although we may not approve of the plaintiffs actions in removing the child from Florida, under the facts of this particular case, that action does not defeat jurisdiction in the Louisiana court.
LSA-R.S. 13:1707(A) provides:
A. If the petitioner for an initial decree has wrongfully taken the child from another state or has engaged in similar reprehensible conduct the court may decline to exercise jurisdiction if this is just and proper under the circumstances....
In the present situation, this statute does not require that the Louisiana court decline jurisdiction since there was no existing custody decree. Cf. LSA-R.S. 13:1707(B) where a custody decree of another state is in effect. The wording of LSA-R.S. 1707(A) clearly gives the trial court discretion in refusing to exercise jurisdiction under facts as exist in the present case. In this case, the trial court, in its discretion, chose to exercise jurisdiction. Because Louisiana is the home state of the child and because the child has significant contacts with this state, it does not appear that the trial court abused its discretion in choosing to exercise its jurisdiction.
The present situation differs from those in which a custody decree exists and a parent, without authorization, takes a child from one state to another and then seeks to have the custody decree modified. In such a situation, the trial court is directed to decline the exercise of jurisdiction. LSA-R.S. 13:1707(B); Hust v. Whitehead, 416 So.2d 639 (La.App. 2d Cir.1982); Hadley v. Hadley, 394 So.2d 769 (La.App. 4th Cir. 1981), writ denied 399 So.2d 622 (La.1981).
It has been suggested that even where there is no prior custody decree and a parent removes a child without the consent of the other parent, the trial court should decline the exercise of jurisdiction. For example, in Losey v. Losey, 412 So.2d 639 (La.App. 2d Cir.1982) there was no prior custody order. The court chose to decline the exercise of jurisdiction because the plaintiff had wrongfully removed the child from another state. However, Losey is distinguishable. In that case the children were improperly removed from their home state, where the most evidence and information about their custody was available.
*1205 In the instant case, the statute specifically gives the trial court discretion to exercise its jurisdiction. After a review of the record, and considering that the exercise of jurisdiction by the court of the child’s home state is proper under all the circumstances of this case, we find that the trial court did not abuse its discretion in exercising jurisdiction.
MOTION FOR NEW TRIAL
The defendant argues that the trial court erred in failing to grant her motion for a new trial. In the trial court, she alleged that she was entitled to a new trial because her failure to appear and to further answer plaintiffs allegations in the suit for separation and child custody were caused by the statements and representations of the plaintiff. Defendant alleged that the plaintiff told her that he would not pursue the proceedings in the Louisiana court until the parties had an opportunity to meet together and attempt to come to an agreement regarding custody of the child. Based upon the facts and evidence contained in the record, we find the defendant’s argument to have merit and reverse that portion of the trial court judgment denying defendant’s motion for a new trial.
LSA-C.C.P. Art. 1972 specifies peremptory grounds for granting a motion for new trial. However, the defendant’s grounds for a motion for new trial are founded on LSA-C.C.P. Art. 1973 which provides:
A new trial may be granted in any case that there is good ground therefor, except as otherwise provided by law.
This article gives the trial court discretion in granting a motion for new trial. The action of a trial court with respect to motions for new trial should not be reversed unless an abuse of discretion can be shown. Lamb v. Lamb, 430 So.2d 51 (La.1983); Stephens v. State of Louisiana through the Department of Transportation, 440 So.2d 920 (La.App. 2d Cir.1983), writ denied 443 So.2d 1119 (La.1984); Eddy v. Topper, 431 So.2d 840 (La.App. 2d Cir.1983).
We find that in the present case, the trial court’s failure to grant the defendant’s motion for new trial constituted an abuse of discretion. The defendant testified that when she received the certified letter from the curator appointed to represent her in the Louisiana proceedings, she reported this to her attorney in Florida. The Florida attorney unsuccessfully attempted to contact the Louisiana attorney. She also testified that she personally attempted to contact the Louisiana attorney but was successful only in speaking with the attorney’s secretary. The record does not show that the defendant was ever notified of the trial date.
Further, the defendant testified that she and the plaintiff talked by long distance telephone for approximately forty-two minutes on the day preceding the trial. This fact was substantiated by the defendant’s telephone bill, filed into evidence.
The defendant testified that the plaintiff did not inform her of the trial date and that he specifically told her he would not proceed with the Louisiana case until the parties had an opportunity to meet together and attempt to work out an agreement concerning child custody.
The present case is somewhat similar to that of Lamb v. Lamb, supra. In that case, the plaintiff husband obtained a default judgment of separation from the defendant wife. She filed a motion for new trial which was denied by the trial court. The defendant’s attorney had withdrawn shortly before the default was entered and the defendant was not informed of the court date. In that case the court found that the defendant had been victimized by the neglect of her attorney, the overzealous action of opposing counsel, and the trial judge’s erroneous belief that she had neglected her legal affairs.
In this case, several factors indicate that the trial judge abused his much discretion in failing to grant a new trial. Ms. Romero should be granted the opportunity to present her case on the merits of the separation and to present all issues and evidence relative to custody of the child and its best interest. Several factors weigh heavily in favor of this conclusion. Ms. Romero attempted to contact the Louisiana curator upon being notified of the filing of *1206 the suit but was unsuccessful. She also relied upon her Florida attorney to protect her rights. Apparently, the Florida lawyer did not sufficiently insure that the Louisiana suit was not going forward. Further, Ms. Romero filed her own suit in Florida and assumed that her rights would be protected by virtue of that suit, coupled with having retained an attorney in Florida who was made aware of the Louisiana proceedings. She was also not advised of the trial date for the Louisiana suit.
In addition, the defendant testified that her husband specifically told her that he would not proceed with the Louisiana litigation until the parties had an opportunity to further discuss the matter on a face-to-face basis in Mobile. He did not advise her of the trial date set for the very next day after their conversation. And most importantly, Ms. Romero was actively claiming custody of the child in the Florida litigation, which clearly revealed that she had not abandoned her claim to custody of the child. In light of those facts, the trial judge in Louisiana, assuming jurisdiction, should have taken steps to insure that all evidence was presented in a proper forum in order that a correct determination could be made as to the best interest of the child. Ms. Romero should be granted a new trial in the interest of justice. Lamb v. Lamb, supra.
For the above stated reasons, we reverse that portion of the trial court judgment denying the defendant’s motion for a new trial.
COURT COSTS
The defendant argues the trial court erred in signing a judgment contrary to its own written reasons which ordered that court costs should be divided equally between the parties.
LSA-C.C.P. Art. 1920 provides in pertinent part:
Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.
In written reasons for judgment, the trial court stated the following regarding court costs:
The plaintiff will be responsible for one-half of the court costs and the defendant will be responsible for one-half of the court costs. A Judgment should be prepared in accordance with these Reasons and submitted to opposing counsel for approval as to form, and then submitted to the Court for signing.
The judgment actually signed by the court was silent as to court costs. We therefore amend the trial court judgment to provide that the court costs in the court below are assessed one-half to each party.
CONCLUSION
For the above stated reasons, we affirm that portion of the trial court judgment finding that jurisdiction over the issue of child custody properly rests with the Louisiana forum. We reverse that portion of the trial court judgment denying the defendant’s motion for a new trial, and direct that a new trial be granted on all issues. We amend the trial court judgment to provide that costs in the trial court are assessed one-half to each party. We likewise direct that costs in this court be assessed one-half to each party. The case is remanded to the trial court for a new trial and further proceedings not inconsistent with this opinion.
AFFIRMED IN PART, REVERSED IN PART, AMENDED IN PART AND REMANDED.