JgFITZSIMMONS, Judge.
Plaintiff, Jane McDaniel Pease, filed a rule to modify custody and a request for temporary custody. Defendant, Mark K. Pease, filed the declinatory exception raising the objection of lack of subject matter jurisdiction. Additionally, he asserted the principle of forum non conveniens. By making this assertion, the Louisiana court could decide to decline its jurisdiction and transfer the matter to a more convenient forum. Mr. Pease also requested attorney’s fees and necessary expenses incurred in defending the action. The trial court found that Arkansas was the child’s home state, and sustained the exception of lack of subject matter jurisdiction. Mr. Pease’s request for attorney’s fees and necessary expenses was deferred. After a hearing, the trial court denied the request. From the trial court’s written reasons for judgment, it appears that the court would have awarded fees and expenses to Mr. Pease, but found that no legal authority existed for the award. Specifically, the court stated that, “[ujnfortunately, in this case[,] attorney’s fees, etc., have not been provided for by the legislature [and] the Court will regrettably deny those requests.” Mr. Pease appealed. We reverse and remand.
Mr. Pease argued that La. R.S. 13:1706 G allowed the court to impose fees and expenses, if the court found the forum was “clearly an inappropriate” one. We agree, and also find a second possible basis for imposition of fees and expenses in La. C.C.P. art. 863.

*285
APPLICABLE LEGAL PRECEPTS

Louisiana R.S. 13:1706 A allows dismissals by a Louisiana court with jurisdiction, after a finding that the Louisiana forum chosen was “inconvenient,” and a forum in another state is “more appropriate .... ” Another section, La. R.S. 13:1706 G, provides, in pertinent part:
If it appears to the court that it is clearly an inappropriate forum it may require the party who commenced the proceedings to pay, in addition to the costs of the proceedings in this state, necessary travel and other expenses, including attorneys’ fees, incurred by other parties or their witnesses.
The court, by request or on its own motion, may also impose sanctions under La. C.C.P. art. 863. By signing a pleading or verification, a party or attorney certifies that the information in the pleading is “well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and |athat it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.” La. C.C.P. art. 863 B. If the party or attorney violates the provisions of article 863 B, the sanctions may include “reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney’s fee.” La. C.C.P. art. 863 D.
Even in the absence of jurisdiction over the child custody or “underlying action, ... the maintenance of orderly procedure, ... justifies the conclusion that [a] sanction ordered [by the trial court] need not be upset.” Willy v. Coastal Corp., 503 U.S. 131, 137, 112 S.Ct. 1076, 1080, 117 L.Ed.2d 280 (1992). Whether an attorney or litigant has abused the system and what sanction should be imposed are collateral issues. Such actions are not judgments on the merits of the custody issue. See Willy v. Coastal Corp., 503 U.S. at 138, 112 S.Ct. at 1080.

APPLICATION OF LEGAL PRECEPTS TO FACTS

Jurisdictional competitions in custody cases are settled under La. R.S. 13:1700, et seq., also known as the Uniform Child Custody Jurisdiction Act (UC-CJA). The legislative goal of the UCCJA is to promote judicial efficiency, fairness, and stability in highly contested custody cases. La. R.S. 13:1700 A. Courts are responsible for conducting fair and efficient proceedings, and must not allow the parties or their attorneys to delay a case or harass an opponent by intentionally filing in an inappropriate court. However, a rule without consequences will often be ignored. To meet the published legislative goals of the UCCJA, and ensure the court’s ability to regulate the parties who come before it, the legislature wisely provided for sanctions when a forum choice was clearly inappropriate and violated the goals of the UCCJA.
The trial court rendered the initial custody decree and subsequent modifications, even though Mr. Pease, and subsequently the children, had moved out of state. See La. R.S. 13:1702 A(l) & (2) (arguably the trial court maintained shared jurisdiction for a period of time after the move). Additionally, the trial court may have had authority to settle the instant jurisdictional controversy based on allegations that the child was present in this state and threatened if returned to Arkansas. See La. R.S. 13:1702 A(3). However, under the provisions of the UCCJA, the trial court’s finding that Arkansas was |4the child’s home state, and that no emergency basis for jurisdiction was proved, negated subject matter jurisdiction in Louisiana.
*286 Although the trial court determined that it did not have jurisdiction under the UCCJA (as opposed to declining jurisdiction voluntarily), we see nothing in the statute that would exclude these parties from application of the sanction provided in La. R.S. 13:1706 G. We agree that La. R.S. 13:1706 A is couched in permissive terms: “A court which has jurisdiction ... may decline to exercise its jurisdiction ... if it finds that it is an inconvenient forum .... ” However, in La. R.S. 13:1706 G, use of the words “clearly ... inappropriate” is the law. The absence of the term “inconvenient” coupled with the lack of a requirement for continuing jurisdiction evinces a different and broader focus. We note that a case may suffer both lack of subject matter jurisdiction and an inappropriate forum. To limit the legislative remedy for inappropriate forum choices only to cases of continuing jurisdiction would encourage the most egregious inappropriate choices: that is, filings in courts without jurisdiction under the UCCJA. To discourage instability and unfairness in custody cases, Section G sanctions must be available in all custody cases filed in clearly inappropriate Louisiana courts. This is especially applicable to those cases with subsequent mandatory dismissals under the UCCJA.
Therefore, under the facts of this case, we find that the trial court had the discretion to review the appropriateness of the choice of forum: once that finding was made, the court could determine whether reasonable fees and necessary expenses were warranted under La. R.S. 13:1706 G. See Hust v. Whitehead, 416 So.2d 639, 641 (La.App. 2d Cir.1982). We do not hold that a trial court must make an award in all cases of clearly inappropriate filings. The statute gives the trial court the discretion to decide each case on its own facts. La. R.S. 13:1706 G (The court “may require the party ... to pay_”). A filing in Louisiana based on a genuine belief that the requirements of La. R.S. 13:1702 were met would not violate the goals of the UCCJA.
Alternatively, the trial court could have relied on La. C.C.P. art. 863. Ms. Pease signed the verification attached to her rule to modify custody. If the trial court found that the pleading was filed in violation of La. C.C.P. art. 863 B, reasonable attorney’s fees and applicable expenses could have been awarded by the court. La. C.C.P. art. 863 D.
| RThe lack of subject matter jurisdiction to decide the underlying custody issue would not invalidate the imposition of either sanction. We reiterate: a judgment for fees and expenses would not be a ruling on the merits of the rule for custody. Rather, it would constitute a ruling in furtherance of the court’s duty to maintain order and efficiency in actions before it. See Willy v. Coastal Corp., 503 U.S. at 137-38, 112 S.Ct. at 1080.
For these reasons, we vacate the judgment. The trial court did not specifically rule on the merits of Mr. Pease’s request for fees and expenses. Thus, we remand to the trial court for further proceedings consistent with this opinion. Costs of the appeal are assessed to plaintiff, Ms. Pease.
JUDGMENT VACATED, AND CASE REMANDED.
DOWNING, J., concurs and assigns reasons.